## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON L. HARTMAN, | : | |
| | : | |
| Plaintiff | : | No.  09-5028 |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | |
| EXAMINERS, | : | |
| | : | Civil Action |
| Defendant | : | |

## DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' ANSWER
## WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

AND NOW comes Defendant, National Board of Medical Examiners ("Defendant" or "NBME"), by and through its attorneys, Eastburn and Gray, P.C. and, in response to Plaintiff, Aaron L. Hartman's ("Plaintiff" or "Mr. Hartman") Complaint, responds as follows:

1.     Admitted in part, denied in part.  It is admitted that this action alleges that Plaintiff was denied reasonable testing accommodations  that he had requested on the United States Medical Licensing Exam ("USMLE") Step 2 Clinical Skills ("CS"). It is strictly denied, however, that any discriminatory denial of reasonable testing accommodations has occurred and/or that the NBME has discriminated against Mr. Hartman and/or deprived him of any rights to which he may be entitled when taking the USMLE Step 2 CS Examination.  It is further

denied that there has been any violation of the ADA Amendments Act, 42 USC, §12101, *et. seq.* ("ADAAA")[1] and/or that Plaintiff is entitled to an immediate and permanent injunction to remedy the alleged discrimination.  To the extent that the allegations contained in paragraph 1 constitute conclusions of law, they are denied and no further response is required.

2.      Denied.  It is denied that the NBME has failed to provide Plaintiff with reasonable testing accommodations given the nature and extent of his disability and its impact on his ability to access the USMLE Step 2 CS Examination.   The documentation Plaintiff submitted to the NBME detailing information about the nature of his speech dysfluency disorder and the accommodations he requested constitute writings, which speak for themselves and no further response is required.

## JURISDICTION

3.      Denied.   The allegations contained in paragraph 3 constitute conclusions of law.  They are denied and no further response is required.

4.      Denied.   The allegations contained in paragraph 4 constitute conclusions of law.  They are denied and no further response is required.

5.      Denied.   The allegations contained in paragraph 5 constitute conclusions of law.  They are denied and no further response is required.

---

[1] In the Complaint, at paragraph 1, Plaintiff references an amendment to the Americans with Disabilities Act ("ADA"), and thereafter refers to the operative statute as the ADA.  The ADA Amendments Act ("ADAAA") became effective January 1, 2009 and as such, Defendant will reference the ADAAA throughout this Answer with Affirmative Defenses.

## PARTIES

6.     Admitted in part, denied in part.  It is admitted, upon information and belief, that Mr. Hartman is a fourth year medical student enrolled at SUNY Stony Brook School of Medicine and that he is believed to reside in St. James, New York.  The NBME issued Mr. Hartman permission to schedule the USMLE Step 2 CS; however, as of this date, Mr. Hartman has not scheduled his examination.  Thus, the NBME is without knowledge or information sufficient to form a belief as to whether Plaintiff intends to take the USMLE Step 2 CS in November 2009.  It is admitted only that Plaintiff suffers from a speech dysfluency disorder and may be entitled to certain protections under the ADAAA. The NBME maintains that upon receipt of Plaintiff's multiple requests for test-taking accommodations, the NBME offered to provide appropriate accommodations, as required by law, in order to provide Mr. Hartman with access to the administration of the USMLE Step 2 CS.

7.     Admitted in part, denied in part.  Defendant admits that the National Board of Medical Examiners is a non-profit corporation incorporated under the laws of the District of Columbia, with its offices and a principal place of business at 3750 Market Street, Philadelphia, PA 19104.  It is admitted that the NBME administers the USMLE, a three-step examination considered by medical licensing authorities when granting medical licensure.  It is admitted only that the level of performance on the USMLE may be considered as a factor by some entities considering a candidate's eligibility for and application to a residency training program.  To the extent that the allegations contained in paragraph 7

constitute conclusions of law, they are denied and no further response is required.

## FACTS

8. Admitted in part, denied in part. It is admitted, upon information and belief, that Mr. Hartman is a fourth year medical student; however the NBME is without knowledge or information concerning Mr. Hartman's anticipated date of graduation from medical school. The NBME is without knowledge or information sufficient to know whether Mr. Hartman must take and pass the USMLE Step 2 CS in order to graduate from medical school or to fulfill state medical licensure requirements for the geographic area in which he intends to practice medicine. The NBME is without knowledge or information sufficient to form a belief as to whether Mr. Hartman anticipates taking the USMLE Step 2 CS exam in November in light of the fact that he has not yet registered to take this examination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and they are therefore denied.

9. Admitted in part, denied in part. It is admitted that Mr. Hartman suffers from a speech dysfluency disorder and that may constitute a disability for certain purposes under the ADAAA. The remaining allegations contained in paragraph 9 purport to restate information drawn from various psychological and speech and language evaluation reports. These reports are writings, the language of which speak for themselves. These allegations are denied.

10.     Denied.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.  These allegations are denied and no further response is required.

11.     Denied.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.  These allegations are denied and no further response is required.  Further, to the extent that the allegations contained in paragraph 11 constitute conclusions of law, they are denied and no further response is required.

## THE USMLE STEP 2 CS EXAMINATION

12.     Admitted.

13.     Admitted.

14.     Admitted

15.     Admitted.

16.     Admitted.

17.     Admitted in part, denied in part. It is admitted that the National Residency Matching Program is one vehicle for applying for a residency program following graduation from medical school.   It is denied that placement in a residency program is a required medical training component for all physicians where Defendant NBME is without knowledge or information sufficient to form a belief as to the truth of this averment.  The remaining averments in paragraph 17 are denied as stated.

## USMLE STEP 2 CS EXAMINATION/FIRST ATTEMPT

18.     Admitted in part, denied in part.  It is admitted that Mr. Hartman applied for accommodations on the USMLE Step 2 CS examination in the summer/fall of 2008.  The information Plaintiff supplied in support of his request for accommodations constitute writings which speak for themselves.  It is denied that the documentation Plaintiff submitted supported or warranted granting Mr. Hartman the accommodations he requested.

19.     Denied as stated.   It is admitted only that in accordance with applicable law, the NBME agreed to provide Mr. Hartman with time and a half (8 additional minutes per patient encounter) and to substitute an additional "in person" patient encounter for the telephone encounter that might otherwise have been part of his examination.

20.     Admitted.

21.     Admitted.  By way of further response, it is admitted that Mr. Hartman passed the ICE and SEP subcomponents of the Step 2 CS examination, both of which require verbal communication.  In fact, the SEP component requires proficiency in "spoken English".

22.     Denied.

## USMLE STEP 2 CS EXAMINATION/CURRENT REQUEST

23.     Admitted in part, denied in part.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Hartman's knowledge of assistive technology available at the time of his

request for accommodations, and as such, these allegations are denied. The remaining allegations are admitted, however, to the extent Mr. Hartman references written documents and materials, as writings, these speak for themselves.

24.    Denied. The reports Plaintiff's evaluators and experts provided are writings, which speak for themselves, and as such, the allegations are denied. By way of further answer, the NBME engages in a rigorous and thorough process of reviewing accommodation requests individually, including a procedure for providing reconsideration of denials and reviewing amended requests for accommodations.

25.    Admitted in part, denied in part. The letter the NBME issued is a writing, the language of which speaks for itself and as such, the allegations in paragraph 25 are denied. By way of further answer, the NBME granted Plaintiff double time (15 additional minutes per patient encounter) as a reasonable test-taking accommodation.

26.    Admitted in part, denied in part. It is admitted that Plaintiff or others on his behalf requested the use of text to speech software when taking the USMLE Step 2 CS examination, which enables individuals to convert their spoken word into written text. It is denied that this constitutes a reasonable accommodation. The NBME properly denied Plaintiff's request for this accommodation.

27.    Denied.

28.    Denied.   To the contrary, the use of text to speech software would fundamentally alter the construct being measured in the USMLE Step 2 CS examination.

29.    Denied.

30.    Admitted in part, denied in part.   It is admitted that Defendant rejected Mr. Hartman's request for the use of text to speech software.   The letter the NBME issued is a writing, the language of which speaks for itself, and as such, the allegations are denied.

31.    Denied.   To the extent that the allegations contained in paragraph 31 constitute conclusions of law, they are denied and no further response is required.

32.    Denied.   To the extent that the allegations contained in paragraph 32 constitute conclusions of law, they are denied and no further response is required.

33.    Denied.   To the extent that the allegations contained in paragraph 33 constitute conclusions of law, they are denied and no further response is required.

34.    Denied.   To the extent that the allegations contained in paragraph 34 constitute conclusions of law, they are denied and no further response is required.

35.    Denied.   To the extent that the allegations contained in paragraph 32 constitute conclusions of law, they are denied and no further response is required.

36.     Admitted in part, denied in part.  It is admitted that Mr. Hartman's counsel notified the NBME that he considered the denial of the requested accommodations to be in violation of the ADAAA,  which legal conclusion the NBME specifically denies.   It is also admitted that Mr. Hartman's counsel threatened to take legal action in his letter dated October 16, 2009, if Plaintiff did not receive the accommodations he demanded.   It is denied that either of the aforementioned factors has any bearing upon the Court's analysis of the claims advanced in the Complaint.

## FIRST CLAIM

### (Alleged Violation of the Americans with Disabilities Act, 42 USC §§ 12101 *et seq.*)

37.     Defendant incorporates by reference paragraphs 1 through 36 of this Answer with Affirmative Defenses, as though fully set forth at length.

38.     Admitted in part, denied in part.  It is admitted that Mr. Hartman is an individual who suffers from a speech dysfluency disorder and may be entitled to certain reasonable accommodations in testing under the ADAAA, depending upon the nature of the assessment and the measurement of the skill or knowledge being assessed.  The NBME maintains that it offered to provide Plaintiff with accommodations for the taking of the USMLE Step 2 CS Examination that allowed for equal access in comparison to Plaintiff's non-disabled peers; however, Mr. Hartman has refused the same.  It is denied that Mr. Hartman meets all of the eligibility criteria for taking the USMLE Step 2 CS examination where the NBME is without knowledge or information sufficient to

form a belief as to the truth of this averment. The remaining allegations contained in paragraph 38 constitute conclusions of law. These allegations are denied and no further response is required.

39.     Denied. Defendant incorporates its response to paragraph 38, above, as though fully set forth at length. By way of further answer, Defendant maintains that granting Mr. Hartman the accommodations requested would fundamentally alter the measurement of the skills or knowledge the examination is intended to test and assess.

40.     Denied. The allegations contained in paragraph 40 constitute conclusions of law. These allegations are denied and no further response is required.

41.     Denied. The allegations contained in paragraph 41 constitute conclusions of law. These allegations are denied and no further response is required.

42.     Denied. The allegations contained in paragraph 42 constitute conclusions of law. These allegations are denied and no further response is required.

43.     Denied. The allegations contained in paragraph 43 constitute conclusions of law. These allegations are denied and no further response is required.

44.     Denied. Defendant incorporates its response to paragraph 39, above, as though fully set forth at length.

45.     Denied.  It is denied that the NBME has discriminated against Mr. Hartman on the basis of his disability and/or denied him an equal opportunity to demonstrate his aptitude and achievement level on the USMLE Step 2 CS Examination in violation of the ADA.  To the extent that the allegations contained in paragraph 45 constitute conclusions of law, they are denied and no further response is required.

46. (a) through (f).  Denied.  It is denied that the NBME has engaged in any discriminatory conduct and/or implemented any discriminatory policy and/or practice with respect to Mr. Hartman and/or any other applicant.  It is **denied** that the NBME failed to: grant appropriate accommodations to Mr. Hartman; consider the opinions of Mr. Hartman's' evaluators; provide a clear explanation of its denial; modify its test administration and provide adaptations and appropriate auxiliary aids as required under the law; and/or conduct a proper review of Mr. Hartman's file applying the appropriate legal standards and/or engage in the interactive process required under the ADAAA.  To the extent that the allegations contained in paragraph 46 (a) through (f) constitute conclusions of law, they are denied and no further response is required.

47(a) through (f).     Denied.     Defendant     is     without     knowledge     or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 concerning Plaintiff's future career goals and ability or inability to achieve such goals.  By way of further answer, it is well established that even if Mr. Hartman experienced the conditions referenced in paragraph 47(a) through (f), he would not suffer irreparable harm, as that term is defined under the

applicable law.  It is denied that the NBME has violated Mr. Hartman's rights under the ADAAA.  To the extent that the allegations contained in paragraph 47 (a) through (f) constitute conclusions of law, they are denied and no further response is required.

48.     Denied.     By way of further answer, even if Mr. Hartman experienced the conditions articulated in paragraph 47(a) through (f), above, he would not suffer irreparable harm, as that term is defined under the applicable law.  To the extent that the allegations contained in paragraph 48 constitute conclusions of law, they are denied and no further response is required.

49.     Denied.  To the extent that the allegations contained in paragraph 49 constitute conclusions of law, they are denied and no further response is required.

50.     Denied.  To the extent that the allegations contained in paragraph 50 constitute conclusions of law, they are denied and no further response is required.

51.     Denied.  To the extent that the allegations contained in paragraph 51 constitute conclusions of law, they are denied and no further response is required.

WHEREFORE, the National Board of Medical Examiners respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Aaron L. Hartman, and further that this Court deny any and all relief Plaintiff Hartman requests, including injunctive relief.  The National Board of Medical Examiners respectfully requests that Plaintiff's case be dismissed.

## SECOND CLAIM

### (Declaratory Relief)

52.   Defendant incorporates by reference paragraphs 1 through 51 of this Answer with Affirmative Defenses by reference, as though fully set forth at length.

53.   Denied.  To the extent that the allegations contained in paragraph 53 constitute conclusions of law, they are denied and no further response is required.

54.   Denied.   The allegations contained in paragraph 54 constitute conclusions of law.  These allegations are denied and no further response is required.

WHEREFORE, the National Board of Medical Examiners respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Aaron L. Hartman, and further that this Court deny any and all relief Plaintiff Hartman requests, including injunctive relief.  The National Board of Medical Examiners respectfully requests that Plaintiff's case be dismissed.

## RELIEF REQUESTED

1 through 5.  The prayers for relief set forth in paragraphs 1 through 5 constitute conclusions of law.  These are denied and no further response is required.

WHEREFORE, the National Board of Medical Examiners respectfully requests that this Honorable Court enter judgment in its favor and against

Plaintiff, Aaron L. Hartman, and further that this Court deny any and all relief Plaintiff Hartman requests, including injunctive relief.   The National Board of Medical Examiners respectfully requests that Plaintiff's case be dismissed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff Hartman's Complaint fails to state any claims under the ADAAA pursuant to which relief may be granted in his favor.

### Second Affirmative Defense

Plaintiff Hartman's Complaint fails to state any claims under 28 C.F.R. §§ 36.309(b) pursuant to which relief may be granted in his favor.

### Third Affirmative Defense

At all times relevant hereto, the NBME, by and through its authorized agents, have not committed any illegal act, conducting their actions in good faith and without any intent to engage in any unlawful practice (such violations of the law being denied).

### Fourth Affirmative Defense

At all times relevant hereto, Defendant NBME acted without an intent to discriminate and without an intent to engage in any unlawful practice.  To the extent that any of Defendant NBME's conduct is found to be discriminatory (the same being specifically denied), Defendant NBME would have taken the same actions for legitimate, nondiscriminatory reasons, in the absence of any discriminatory motive.

### Fifth Affirmative Defense

Plaintiff has not suffered any harm recognized under the law; however, *arguendo*, any harm that has come to Plaintiff Hartman is a direct and proximate result of his own conduct, action and/or inaction.

### Sixth Affirmative Defense

Plaintiff Hartman has not established irreparable harm.

### Seventh Affirmative Defense

Plaintiff Hartman has not and cannot establish the elements and proofs required to entitle him to injunctive relief against the NBME.

### Eighth Affirmative Defense

Defendant alleges that any conduct of the NBME with respect to Plaintiff Hartman was lawful, privileged, fully justified, supported by good faith, and in furtherance of the NBME's public interests.

### Ninth Affirmative Defense

Plaintiff Hartman is not entitled to receive any of the relief requested in his Complaint including, but not limited to, declaratory relief, injunctive relief, entry of a Preliminary Order requiring the NBME to grant Plaintiff Hartman accommodations over and above those offered, a permanent Order requiring the NBME to grant Plaintiff Hartman accommodations over and above those offered, attorneys' fees, costs of the suit and/or expenses incurred.

### Tenth Affirmative Defense

At all times relevant hereto, the NBME acted in good faith and in compliance with all relevant Statutes and Regulations.

### Eleventh Affirmative Defense

The granting of injunctive relief to Plaintiff Hartman would violate public policy.

### Twelfth Affirmative Defense

Plaintiff's alleged damages (the entitlement to which is expressly denied) are limited and/or prohibited by state or other law.

### Thirteenth Affirmative Defense

The NBME offered to provide Mr. Hartman with accommodations when taking the USMLE Step 2 CS that would accurately reflect Mr. Hartman's aptitude on those factors and qualities which the test purports to measure and assess.

### Fourteenth Affirmative Defense

The NBME maintains that granting Mr. Hartman the accommodations and use of auxiliary aids requested would fundamentally alter the measurement of the skills and/or knowledge that the USMLE Step 2 CS is intended to assess thereby providing Plaintiff Hartman with an unfair advantage over other test-takers.

**EASTBURN AND GRAY, P.C.**

By: _____
    Jane Leopold-Leventhal
    Grace M. Deon

Attorneys for Defendant,
National Board of Medical
Examiners

60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
Ph.:  215-345-7000
Fax:  215-345-9142

Dated:  November 20, 2009

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON L. HARTMAN,                          :
                                           :
                    Plaintiff              :        No.  09-5028
                                           :
         v.                                :
                                           :
NATIONAL BOARD OF MEDICAL                  :
EXAMINERS,                                 :
                                           :        Civil Action
                    Defendant              :

## CERTIFICATE OF SERVICE

Grace M. Deon, counsel for Defendant, National Board of Medical Examiners, certifies that on the 20th day of November, 2009, she electronically served a true and correct copy of Defendant's Answer with Affirmative Defenses to Plaintiff's Complaint, to counsel of record named below:

Charles Weiner, Esquire
179 North Broad Street
Doylestown, PA  18901

EASTBURN AND GRAY, P.C.

Jane E. Leopold-Leventhal
Grace M. Deon
Attorneys for Defendant,
National Board of Medical Examiners

60 East Court Street
P.O. Box 1389
Doylestown, PA  18901
Phone: 215-345-7000
Facsimile: 215-345-0174