EXHIBIT 6


NBME

COPY

**CONFIDENTIAL**
**Confirmation of Test Accommodations**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

September 29, 2009

215-590-9500 phone
www.nbme.org

Aaron Hartman
30 Great Oak Road
Saint James, NY 11780

1040709          5-171-535-7
Approval-Decision Letter

RE: USMLE Step 2 CS

USMLE ID#: 5-171-535-7

Dear Mr. Hartman:

We will provide the following accommodation(s) during the administration of the United States Medical Licensing Examination (USMLE) Step 2 Clinical Skills (CS) for which you are currently registered:

**Additional fifteen (15) minutes for patient encounter:** you will be provided a total of thirty (30) minutes to complete each patient encounter. You may use this time for any purpose consistent with the rules governing the patient encounter. For each patient encounter, you may use any portion of the approved additional patient encounter time or refuse the additional patient encounter time at your discretion. Due to the overall length of the extended time examination, it must be administered over two consecutive days with six cases administered each day.

We are <u>unable</u> to grant your request to type your questions and responses and have an orator verbalize them to the SP, and modify the rating scales for use of an orator. The documentation provided to date does not demonstrate that these are appropriate modifications of the test administration.

A detailed description of the logistics of your examination will be provided to you after you schedule your examination by calling the number that appears below. If you have any questions concerning your accommodations, please call Disability Services at 215-590-9700 prior to scheduling your testing date.

**Please call (215) 590-9264 Monday through Friday 9 a.m. to 5 p.m. Eastern Standard Time to schedule your exam.**

**You may not change these accommodations** at the test center on your scheduled exam day. If you choose not to use these accommodations, please notify Disability Services **immediately** for instructions on re-registering for your exam.

Sincerely,

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs

EXHIBIT 7

October 1, 2009

National Board of Medical Examiners
Disability Services
Attn: Catherine Farmer, Psy.D.
3750 Market Street
Philadelphia, PA 19104-3190

Dear Dr. Farmer:

Our call got disconnected after my father left the conversation.  Unfortunately, when I
tried to call you back, it takes me so long to respond that the person on the other end
hangs up the phone.  What I was trying to express when our call got disconnected was
that the speech evaluation from May 14, 2007 indicated that it takes me 4x longer than
"normal" to speak, and that is without stress, so even if I felt that time accommodations
would be appropriate, 2x would not be enough.  Also, you indicated that the fact that I
passed the SEP subcomponent on the prior exam is evidence against my request, but the
SEP assesses clarity of spoken English (pronunciation, word choice, and minimizing the
need to repeat questions or statements), and I do not have a problem with clarity, so I
would not expect fail this subcomponent.

Can you please call me back at (631) 862-6510?

Sincerely,

Aaron Hartman

Aaron Hartman

EXHIBIT 8

October 5, 2009

Elizabeth D. Azari, J.D.
Associate Vice President
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

RE: USMLE Step 2 CS                              USMLE ID#: 5-171-535-7

Dear Ms. Azari,

As per your suggestion, I reapplied for the Step 2 CS examination and for appropriate accommodations. I provided the Disability Services with documentation from a speech/fluency evaluation that shows I speak 4x slower than "normal" and a letter from my speech pathologist which states "oral communication with the actor-patients is an ineffective and inappropriate method of measuring Aaron's communication skills. Even given the accommodation of extra time, I would not expect Aaron to physically be able to complete such an activity at this time."

In my request for accommodations, I requested to type my questions and responses to the SP via a laptop computer or any other assistive device. In response, Dr. Catherine Farmer offered me 2x for the patient-encounters. The documentation that I provided was explicitly clear that I am unable to physically complete the task verbally. Even if I attempted to perform the examination verbally, as my documentation shows, I would need at least 4x for each patient encounter.

On Thursday, October 1, 2009, my father, Dr. Gerald Hartman, and I called Dr. Farmer to reiterate that the documentation provided to the NBME clearly and unambiguously supports the need for an accommodation totally different than that which was granted. That is, as mentioned previously, an expert in the field of speech pathology stated that "oral communication with the actor-patients is an ineffective and inappropriate method of measuring Aaron's communication skills." We told Dr. Farmer several times that we would like to work with the Disability Services to get the written accommodation that I need. We asked her to tell us what additional information I would need to provide to the Disability Services to grant a non-verbal accommodation and Dr. Farmer's response was, "That is not my job." We told her that I would cooperate with the NBME in all reasonable ways, including having an NBME-approved speech pathologist evaluate me, but Dr. Farmer declined this offer. Finally, despite hearing the severity of my speech dysfluency first-hand, with numerous prolonged blockages and stutters lasting several minutes, Dr. Farmer would not offer any adjustment to the accommodation. This is unconscionable. I do not understand how any reasonable and rational person can come to conclusions that are totally at odds with the expert documentation provided.

Ms. Azari, I would very much like to work with you and Dr. Farmer to complete the Step 2 CS examination before November 7th with accommodations that are appropriate for my

severe speech dysfluency. I have tried my best to provide you with the documentation that you need to justify my request for a non-verbal accommodation. At this time, I ask that you personally review the documentation (please see attached) and either accept the recommendations made by my speech pathologist for non-verbal accommodations or tell me exactly what you will need to justify my request.

Sincerely,

Aaron Hartman

Aaron Hartman

CC: Catherine Farmer, Psy.D.

EXHIBIT 9



National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

October 13, 2009

Aaron Hartman                                                        USMLE ID#: 5-171-535-7
30 Great Oak Rd.
Saint James, NY   11780

RE: USMLE Step 2 CS

Dear Mr. Hartman:

I received your correspondence dated October 5th and three attachments:  (1) Step 2 CS Request for Test Accommodations form signed and dated September 16, 2009; (2) Speech Pathology Speech/Fluency Evaluation dated May 14, 2007 from Speech Pathologist Leslie Oldemeyer, MS,CCC- SLP; and (3) Correspondence dated September 17, 2009 from speech therapist Emily McCafferty, MS, CCC/SLP.

I understand that for the Step 2 CS that you took in June, you requested an extra 15 minutes of time per 15 minute patient encounter.  You were provided the test accommodation of an extra 8 minutes of time for each 15 minute patient encounter and a face-to-face patient encounter replacement for a telephone case.  The exam was administered in one day.  You passed two of the three subcomponents of the exam - Spoken English Proficiency and Integrated Clinical Encounter - but failed the Communication and Interpersonal Skills (CIS) subcomponent.

You reapplied for Step 2 CS and submitted the September 16 Request for Test Accommodations Form and two pieces of documentation – the Oldemeyer and McCafferty reports noted above – to Disability Services.   You asked for a form that does not contain a telephone case, as was arranged for your previous Step 2 CS exam.  As an accommodation, you asked to be allowed to type your questions and your responses to each standardized patient during the patient encounter and have an orator speak what you type and to modify the SP rating scales such that the use of an orator would not "negatively impact" your score.

According to the September 16th request form, the accommodation of extra time has been provided to you for oral exams before.  A double time accommodation has been provided to you for the medical school Objective Structured Clinical Exam (OSCE) -- a test that requires you to interact orally with people portraying patients, in a timed setting.   From the documentation provided, the new accommodation requested is not one that you have used in the OSCE or in any other exam.

After review and consideration, Dr. Catherine Farmer granted you the test accommodation of an extra 15 minutes of time for each 15 minute patient encounter (for a total of 30 minutes per encounter).  In her correspondence to you confirming the accommodation, she noted that your exam would take place over a two-day period.  As you requested and received before, a face-to face patient encounter will replace a telephone case.

In your October 5th letter to me, you take issue with the decision that Dr. Farmer has made.   You have asked me to review your September 16 Test Accommodations Request Form and the reports of Ms. Oldemeyer and Ms. McCafferty.  You ask me to either accept Ms. McCafferty's recommendation that you be provided with "non-verbal accommodations" or tell you what is needed to justify your request.

 **NBME**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

I have met with Dr. Farmer and have reviewed with her the documentation that you provided in connection with the September 16th request. To be clear - I read your letter and the three attachments, as you requested. I read Dr. Farmer's approval letter to understand specifically what she granted to you. My role in reviewing this documentation was not to substitute my judgment for Dr. Farmer's. Rather, it was to ensure that the proper process had been followed, to better understand your concerns and most recent accommodations request, and her decision. I will share with you my observations.

In May 2007, your evaluator, Ms. Oldemeyer, recommended that you be provided an unspecified amount of additional time to communicate orally. She also recommended that you participate in speech therapy.

In September 2009, your speech therapist, Ms. McCafferty, similarly observed that you require some additional time to communicate a message orally. She wrote that she had been working with you for several months and that you had practiced for the Step 2 CS exam with her before taking it. She observed that in those practice sessions, you were able to demonstrate skills such as asking open-ended questions, summarizing, and describing next steps. She noted that when you are under stress, your dysfluencies become much more pronounced.

She did not mention your functioning in other oral examination contexts, but concluded that "due to the timed nature and high-stress atmosphere of this test [Step 2 CS]... oral communication with the actor-patients is an ineffective and inappropriate method of measuring [your] communication skills." She suggested that the SPs "are likely to be negatively biased by Aaron's oral speech patterns" and argued for "an alternative method of communication." She opined that providing you with extra time will not reduce your stress level and resultant dysfluencies, or the "negative impression that your speech pattern may make on the SP."

Ms. McCafferty's concerns about listener bias based on one's speech pattern is misplaced in this context. Standardized patients are not ordinary listeners. Their job requires them to listen, observe and record their observations. As such, they are trained extensively to observe and listen closely, and to record their observations using specific rating scales that apply to all examinees. They encounter examinees from all over the world, with all manner of speech patterns, including examinees who stutter. Although you personally did not pass CIS, it has been proven that examinees with a pronounced stutter are able to pass the CIS component of Step 2 CS, as rated by the multiple SPs with whom they interact. To do so, they, like every other examinee, must demonstrate the questioning, information sharing, and other skills required of them in CIS.

Ms. McCafferty also expresses concern about the effect of what she calls the "high-stress atmosphere" of the Step 2 CS exam on your dysfluency. Notwithstanding these concerns, your oral communication was effective enough to pass the Spoken English Proficiency (SEP) and Integrated Clinical Encounter (ICE) portions of it.[1] As you probably know, your oral communication is being evaluated by the standardized

---

[1] As is published in the USMLE *Bulletin of Information*, SEP performance is assessed by the standardized patients using rating scales. Performance is based upon the frequency of pronunciation or word choice errors that affect comprehension and the amount of listener effort required to understand the examinee's questions and responses. The ICE portion of the exam requires an examinee to elicit pertinent historical information from the standardized patient during the encounter, among other skills. Your questions and answers were understood. Your proposed accommodation does not address this basic point, since it appears to be premised on the argument that your stutter prevents you from communicating effectively in speech.



NBME™

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

patient during the patient encounter for both SEP and CIS purposes.[2]  The encounter is not broken into segments in which you are first asked to demonstrate spoken English proficiency and then, later, questioning and information sharing skills, any more than a real clinical encounter would be segmented in that fashion.  Simply put, the skills being evaluated are different, but they are to be demonstrated on the same communications, just as one should be demonstrating those skills in an actual clinical encounter.

The fact that you have a stutter is not at issue – it is supported by the documentation. The fact that you are able to (and do) speak is also not at issue.  The record shows that you have spoken well enough to demonstrate proficiency in spoken English in the Step 2 CS exam and pass ICE.  Among other things, that means your questions and answers were understood during the exam.  In other oral examination contexts, including timed OSCEs, you have been provided with an extra time accommodation – apparently, with success.  You are not using a non-spoken method of communication in those settings. You are not typing your questions and responses to the patient portrayers or using an orator to speak for you.  It makes no sense to conclude that an orator should be provided to speak for you in Step 2 CS and that scoring rubrics should be adjusted for you.

From what I have seen, the records support Dr. Farmer's decision to offer you additional testing time to be administered over two days.  I am not in a position to suggest what other documentation you might choose to provide in support of a "non-verbal" accommodation request.  You have mentioned that you are willing to undergo another evaluation, by an NBME – approved speech pathologist.  The NBME does not recommend particular evaluators to candidates.

I should mention also that what you have requested as an accommodation for your upcoming administration of Step 2 CS would be deemed to be a fundamental alteration of the examination.  Under the Americans with Disabilities Act, as amended, the USMLE program is <u>not</u> required to provide an accommodation that constitutes a fundamental alteration of the examination.

---

[2] According to the USMLE *Bulletin of Information,* CIS includes assessment of: questioning skills (e.g., use of open-ended questions, transitional statements, facilitating remarks, avoidance of leading or multiple questions, repeat questions unless for clarification, interruptions when the patient is talking, accurately summarizing information from the patient); information – sharing skills (e.g., acknowledging patient issues/concerns and clearly responding with information; avoidance of medical terms/jargon unless immediately defined; clearly providing counseling when appropriate; closure, including statements about what happens next); and professional manner and rapport (examples provided in the USMLE *Bulletin of Information*).



National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

I know that this is not what you wanted to hear from me and I am sorry about that.   I encourage you to schedule the examination and to prepare for it using the feedback provided in your performance profile.

Very truly yours,

Elizabeth D. Azari, JD
Associate Vice President
Examinee Support Services

EXHIBIT 10

# Law Office of Charles Weiner
### *Attorney at Law*

| | | |
|---|---|---|
| 866-497-9597 (Toll Free) | 179 North Broad Street | charles@charlesweinerlaw.com |
| 215-340-2412 (Fax) | Doylestown, PA 18901 | www.charlesweinerlaw.com |
| | 215-348-4283 | |

<u>**VIA FACSIMILE/215-590-9431 AND E-MAIL**</u>        <u>**PERSONAL AND CONFIDENTIAL**</u>

October 16, 2009

Shelly Z. Green, Esquire
General Counsel and Director of Legal Services
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA  19104-3102

        Re:    Aaron L. Hartman – Accommodated Testing
                USMLE ID#: 5-171-535-7

Dear Ms. Green:

This office represents Aaron Hartman (USMLE ID#: 5-171-535-7) concerning the administration of the United States Medical Licensing Examination (USMLE) Step 2 Clinical Skills (CS).  We are herein, requesting reconsideration of NBME's decision denying his requests to provide the appropriate accommodation of extra-time and use of assistive technology.

Mr. Hartman is a person with a disability protected under the Americans with Disabilities Amendments Act, as amended, 42 U.S.C. §12101, *et seq.,* (ADAAA).  He is affected by speech dysfluency (significant stuttering). This condition substantially limits the major life activities of verbal or oral communication which is necessary to take the USMLE CS examination.  As demonstrated by the professional documentation provided to NBME, Mr. Hartman's speech is characterized by severe dysfluencies in the form of blocks, prolongations and repetitions of initial sounds as well as sounds within words.  These blocks last several seconds and are accompanied by jaw tension and blinking.   An evaluation report (submitted to NBME) indicated that it takes more than four times the amount of time for Mr. Hartman to read out loud when compared to the typical adult.  Furthermore, Mr. Hartman often looked away from a listener or looked down.

In June 2009, Mr. Hartman completed the USMLE Step 2 CS examination.  He was approved for two accommodations: (1) an additional eight minutes on each patient encounter and (2) substitution of a patient encounter for any telephone encounter.  Inasmuch as the accommodations did not properly address Mr. Hartman's disability, he failed the examination as a result of not passing the Communication and Interpersonal Skills (CIS) subcomponent of the exam.[1]

---

[1]        Mr. Hartman passed the two subcomponents, Integrated clinical Encounter (ICE) and Spoken English Proficiency (SEP).

Shelly Z. Green, Esq.
Re: Aaron Hartman
October 16, 2009
Page 2 of 2

Mr. Hartman has reapplied to take the CS exam on November 7, 2009.  Has been granted
additional extended time (additional 15 minutes per patient encounter).  Mr. Hartman has made
several requests to both Dr. Farmer and Ms. Azari for additional accommodations to include the
use of assistive technology. The professional documentation supporting Mr. Hartman's request
expressly states that extended time alone will not properly accommodate his disability.
Nevertheless, NBME refused to allow Mr. Hartman to access the exam with the use of assistive
technology.

There is no question in this matter that Mr. Hartman is a person with a disability and protected
by the ADA.  The only question concerns the appropriateness of the accommodations.  Mr.
Hartman has provided proof that extended time alone will not properly address his disability on
the CS examination.

We request that Mr. Hartman be given additional time and the use of assistive technology such
as text to speech.  Text to speech software would enable Mr. Hartman to communicate directly
from a laptop computer by typing text which would then verbalize the typed text.  On
information and belief most laptops using either Microsoft Vista or MACs contain a text to
speech software or it can be easily installed.  The use of text to speech software neither
fundamentally alters the exam nor gives Mr. Hartman an advantage over other test takers.  In fact
the use of laptops during clinical exams has become quite common among physicians.

Accordingly, we request that Mr. Hartman, in addition to the previously approved
accommodations be granted the use of text to speech software to properly accommodate his
disability.  We further request that Mr. Hartman's June 2009 CS exam score be expunged.

Inasmuch as the exam is scheduled for November 7, 2009, we request that you give this matter
your immediate attention.  In the event that NBME continues to deny Mr. Hartman's requests for
reasonable accommodations, I have been authorized to file suit in federal court.  I will give
NBME until the close of business on October 21, 2009 before taking further legal action.
Moreover, we reiterate our request that NBME preserve the video of Mr. Hartman's CS exam in
June 2009.

Thank you for your attention to this matter.  We look forward to hearing from you.

Very truly yours,
   /s/


Charles Weiner

cc:     Aaron Hartman

EXHIBIT 11

 NBME

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

**CONFIDENTIAL**

VIA CERTIFIED MAIL
October 27, 2009

Aaron Hartman
30 Great Oak Road
Saint James, NY 11780

RE: USMLE Step 2 CS                    USMLE ID#: 5-171-535-7

Dear Mr. Hartman:

We are in receipt of a request made by your attorney, Mr. Charles Weiner, for reconsideration of our decision regarding test accommodations for the United States Medical Licensing Examination (USMLE) Step 2 Clinical Skills (CS). Your request and accompanying material were reviewed again in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA) as amended by the ADA Amendments Act of 2008 (together, "ADA").

A thorough review of all of your documentation, including Mr. Weiner's letter, finds no new substantive information or evidence that alters our original decision communicated in my September 29, 2009 letter. You have been granted the accommodation of double time (15 additional minutes) for each patient encounter and a face-to-face encounter instead of a telephone encounter. Your request to type your questions/responses using text to speech software rather than speaking to the standardized patients is not an appropriate modification of your Step 2 CS test administration.

In his October 16, 2009 letter, Mr. Weiner requests that your June 2009 Step 2 CS exam score be expunged. Disability Services does not make decisions regarding score reporting. However, attached for your convenience are copies of recent written communications from Ms. Ann Sims and Dr. Gerard Dillon addressing your prior request on the matter.

Sincerely,

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs

C: Charles Weiner, Esq.
Attachments

EXHIBIT 12

# Law Office of Charles Weiner
### *Attorney at Law*

866-497-9597 (Toll Free)          179 North Broad Street          charles@charlesweinerlaw.com
215-340-2412 (Fax)               Doylestown, PA 18901            www.charlesweinerlaw.com
                                     215-348-4283

**VIA FACSIMILE/215-590-9431 AND E-MAIL**                    **PERSONAL AND**
                                                          **CONFIDENTIAL**

October 29, 2009

Shelly Z. Green, Esquire
General Counsel and Director of Legal Services
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA  19104-3102

>        Re:     Aaron L. Hartman – Accommodated Testing
>                USMLE ID#: 5-171-535-7

Dear Ms. Green:

As you know, this office represents Aaron Hartman (USMLE ID#: 5-171-535-7) concerning the administration of the United States Medical Licensing Examination (USMLE) Step 2 Clinical Skills (CS). Yesterday, I received a copy of the NBME's denial of Mr. Hartman's request to use text to speech software to accommodate his disability on the exam.  This letter states, "[y]our request to type your questions/responses using test to speech software rather than speaking to the standardized patients is not an appropriate modification of your Step 2 test administration."  This denial provides no explanation, rationale or data to support this conclusory statement.  This denial is in error and the requested accommodation provides no advantage to Mr. Hartman over other test takers.

I have been authorized by my client to file suit.  I am providing you with this opportunity to resolve the matter before commencing litigation.  Once litigation is filed, we will also pursue attorney fees if Mr. Hartman obtains relief either on the merits or by agreement.

Thank you for your attention to this matter.

Very truly yours,
   /s/

Charles Weiner

cc:     Aaron Hartman

EXHIBIT 13

 **NBME**™

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

November 2, 2009

*VIA FACSIMILE AND EMAIL*
Charles Weiner, Esquire
179 North Broad Street
Doylestown, PA 18901

Re: Aaron L. Hartman – USMLE ID#: 5-171-535-7

Dear Mr. Weiner:

I am responding to your letter dated October 29, which we have carefully considered. Dr. Farmer's letter dated September 29, 2009, represents the decision of the USMLE program to grant your client the accommodation of a special two-day administration of Step 2 CS with double the standard time for each patient encounter and with a face-to-face encounter substituted for a telephone case. Based on the documentation your client has provided, neither his current request to substitute text-to-speech technology nor his previous request to use an orator in lieu of speaking directly to the standardized patients is a reasonable accommodation of his acknowledged disability. The rationale for the decision by the USMLE program is exhaustively set out in our prior correspondence, including the letter to your client from Elizabeth Azari, Associate Vice President, Examinee Support Services, dated October 13, 2009.

Very truly yours,

Shelley Z. Green

Cc: Elizabeth Azari
    Catherine Farmer