UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| AARON L. HARTMAN | Civil Action  09-5028 |
| --- | --- |
| Plaintiff | |
| v. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | |
| Defendant | |

## ORDER

AND NOW, this          day of                           , 2010, upon consideration of Plaintiff, Aaron L. Hartman's Motion to Compel Defendant, National Board of Medical Examiners to answer Interrogatories and respond to Request for Production of Documents, it is ORDER and DECREED that the Motion to Compel is GRANTED and that Defendant is hereby ORDERED to Answer fully and completely Plaintiff's interrogatories 8, 9, 11 and 12 as well as Respond to Production of Documents Requests 4, 5, 7 and 15 within 48 hours of this Order.

BY THE COURT:

_____
Louis H. Pollak, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN<br>          Plaintiff<br><br>          v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br>          Defendant<br>_____ | Civil Action  09-5028 |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
TO ANSWER INTERROGATORIES AND
PRODUCE DOCUMENTS AND TANGIBLE THINGS**

      Plaintiff, Aaron L. Hartman, respectfully requests this Honorable Court, pursuant to Federal Rules of Civil Procedure 33, 34 and 37, to compel the Defendant to provide Plaintiff with Answers to Plaintiff's Interrogatories Nos. 8, 9, 11, and 12 and further produce documents and tangible things in response to Plaintiff's Request for Production of Documents Nos. 4, 5, 7 and 15, in accordance with the proposed Order submitted herewith and, in support thereof, avers as follows:

      1.      Plaintiff, Aaron L. Hartman commenced this action for relief from Defendant, National Board of Medical Examiners (NBME) violation of his civil rights on November 2, 2009.  These violations are ongoing and include discrimination and failure to accommodate in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12101, et seq., as amended *(*Pub. L. No. 110-325, 122 Stat. 3553 *et seq).*

      1.      Mr. Hartman is requesting reasonable accommodations and auxiliary aids in taking the United States Medical Licensing Examination ("USMLE") Step 2 Clinical Skills ("CS") because of his impaired speaking skills.  NBME administers the USMLE Step 2 CS and grants or denies request for reasonable accommodations.

2. Mr. Hartman is affected by significant speech dysfluencies (stuttering). Mr. Hartman's speech is characterized by severe dysfluencies in the form of extended pauses between syllables, prolongations and repetitions of initial sounds as well as sounds within words.

3. Mr. Hartman's speech dysfluency is a condition which substantially limits the major life activities of verbal or oral communication, speech, and interpersonal skills which are necessary to take the USMLE Step 2 CS examination.

4. The USMLE Step 2 CS is intended to ensure that due attention is devoted to principles of clinical sciences and basic patient-centered skills. This exam requires that the examinee conduct a history and physical examination on a standardized patient.

5. The examination is scored as either a pass or fail. The examinees are scored in three separate subcomponents: integrated clinical encounter ("ICE"), communication and interpersonal skills ("CIS"), and spoken English proficiency ("SEP").

6. The standardized patient provides the grading in each of the three subcomponents.

7. Mr. Hartman has requested among other accommodations use of computer or electronic device(s) with text to speech software to communicate during patient encounters. The NBME has denied this request for accommodations on the basis that the accommodation purportedly fundamentally alters the measurement of the skills or knowledge the examination is intended to test.

8. Mr. Hartman is required to pass the USMLE Step 2 CS in order to graduate medical school and enter a residency program.

9. On December 21, 2009, Plaintiff filed a Motion for Preliminary Injunction pursuant to Fed.R.Civ.P. 65, seeking an Order requiring Defendant NBME to provide Mr. Hartman with the following reasonable accommodations and auxiliary aids for persons with impaired speaking skills on the administration of the USMLE Step 2 CS examination which shall

include: (1) use of computer or electronic device(s) with text to speech software to communicate during patient encounters; (2) an additional 15 minutes (double time) on each patient encounter; (3) face to face encounters instead of a telephone encounter; (4) permit Mr. Hartman to complete the USMLE Step 2 CS during the first week of February 2010; (5) reporting the grade of the examination on or before March 1, 2010.

10. This Court has entered an Order which has been amended by joint stipulation approved by this Court which permits discovery until February 10, 2010.

11. Plaintiff has served written discovery in the form of Interrogatories (Fed.R.Civ.P 33) and Requests for Production of Documents (Fed.R.Civ.P 34) on Defendant's Counsel on or about January 7, 2010. A copy of the Interrogatories and Request of Production of Documents are annexed hereto as Exhibits 1 and 2 respectively.

12. On or about January 27, 2010, Defendant provided its responses to Plaintiff's written discovery. A copy of Defendants Answers to Interrogatories and Responses to Request for Production of Documents are annexed hereto as Exhibit 3 and 4 respectively.

13. Interrogatories 8 and 9 state:

> *8. Identified each standardized patient who participated in USMLE Step 2 CS administered (sic.) to Plaintiff on June 26, 2009.*
>
> *9. Identify each individual who participated in the grading of the USMLE Step 2 CS administered to Plaintiff on June 26, 2009.*

14. Defendant Answers state the following:

> *8. Objection. NBME objects to this interrogatory on the grounds that the information and/or related materials requested are highly confidential, constitute trade secrets, and are maintained under complete security by the NBME. Additionally, NBME objects to this interrogatory where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also objected to where information sought is with respect to individuals who are not employees of the NBME and over whom the NBME*

> *does not exercise control or authority. Information regarding said standardized patients is confidential and, where the NBME does not exercise authority or control over those individuals, the NBME is not in a position to elicit their names from their employer and provide that information in the context of this law suit.*
>
> *9. Objection. NBME objects to this interrogatory where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, Dr. Brian Clauser was involved in the design and implementation of the grading procedures for USMLE Step 2 CS.*

15. Interrogatories 8 and 9 respectively seeks the identity of the standardized patients involved in Mr. Hartman's prior administration of the exam who were also involved in grading the exam as well as other individuals involved in grading the exam. This discoverable information that pertains to Mr. Hartman's prior performance on the USMLE Step 2 CS, the grading criteria and the grading process, procedures and timelines. This information can provide further information about the extent of Mr. Hartman's limitations, the skills that individuals who were involved in grading assessed and the process and timeline for grading.[1]

16. Interrogatories 11 and 12 state:

> *11. State the nature and type of accommodation(s) or auxiliary aid(s) approved by Defendant for persons with impaired speaking, hearing or vision that has been provided to other examinees on the examination.*
>
> *12. For each accommodation or auxiliary aid identified in Interrogatory 11 above state the date(s) and/or frequency the accommodation(s) or auxiliary aid(s) was approved.*

17. Defendant's Answers state the following:

> *11. Objection. The portion of this Interrogatory which seeks information regarding accommodations for impaired hearing or vision is objected to where this information is neither relevant to*

---

[1] It is anticipated that Defendant will argue that the examination cannot be scored prior to the National Residency Match on March 18, 2010. In a conference call between counsel of record and the Honorable Louis H. Pollak on December 29, 2009, Judge Pollak suggested that Plaintiff's counsel conduct discovery concerning NBME's testing procedures and timelines.

- 4 -

> *the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.*
>
> *Without waiver of that objection, with respect to accommodations and auxiliary aids provided to persons with impaired speaking, defendant responds as follows: [Defendant provided a chart purporting to identify accommodations for individuals with impaired speaking skills]*
>
> *12. Without waiver of the objection noted above, see information provided in Interrogatory 11.*

18. Interrogatories 11 and 12 seek information regarding other accommodations provided on prior administrations of the examination. Defendant submits that Plaintiff's requested auxiliary aid fundamentally alters the examination. Plaintiff seeks information about other approved accommodations to ascertain NBME's rationale for approving certain accommodations. Accordingly, it would be relevant and admissible if NBME previously approved accommodations such as sign language, a voice modulator or other human assistance during the USMLE Step 2 CS.

19. Request for Production of Documents 4 seeks:

> *4. Any and all video and/or audio recordings of the examination administered to Aaron Hartman on June 26, 2009.*

20. Defendant responded:

> *Objection. NBME objects to this Request on the grounds that it (sic) information and/or related materials which are highly confidential, constitute a trade secret and are maintained under complete security by the NBME. Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.*

21. During Plaintiff's prior administration of the USMLE Step 2 CS on June 26, 2009, the examination was video taped and Plaintiff's counsel has repeatedly requested this tape even prior to the institution of this law suit. This tape is not only discoverable, it likely

- 5 -

admissible as evidence to demonstrate the extent of Mr. Hartman's disability and his functional limitations in taking the examination. Defendant's objections are improper.

22. Request for Production of Documents 5, 7, 15 seeks:

> *5. Any and all documents, forms, rubrics, or grade/scoring documents, rating scale documents, check lists and any other documents reflecting the scoring criteria and scoring process utilized in assessing Aaron Hartman's performance on the examination administered on June 26, 2009.*
>
> *7. Any and all training material, video, booklet, pamphlets or other documentation or tangible things that are utilized in the training of standardized patients involved in the examination.*
>
> *15 Any and all agreements or contracts between Defendant and standardized patients or other persons who participated in the grading of Plaintiff's examination administered on June 26, 2009*

23. Defendant asserted the same following objections to each request:

> *Objection. NBME objects to this Request on the grounds that it (sic) information and/or related materials which are highly confidential, constitute a trade secret and are maintained under complete security by the NBME. Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.*

24. These requests seek the documents utilized by standardized patients and others in the scoring and grading of Mr. Hartman's prior administration of the USMLE Step 2 CS. This discoverable information that pertains to Mr. Hartman's prior performance on the USMLE Step 2 CS, the grading criteria and the grading process, procedures and timelines. This information can provide further information about the skills that individuals who were involved in grading assessed and the process and timelines for grading.

25. Plaintiff's counsel has called Defendant's counsel and transmitted letter regarding Plaintiffs written discovery and Defendant's objections. Accordingly, Plaintiff's counsel has

- 7 -

made a good faith effort to confer and secure disclosure prior to filing this motion.  See letters annexed as Exhibits 5, 6, 7 respectively.

26.	The discovery sought is critical to Plaintiff's presentation of his case and Defendant has not presented appropriate objections.

WHEREFORE, Plaintiff Aaron Hartman, respectfully requests that this Honorable Court enter the proposed form of Order submitted herewith, compelling Defendant, NBME to Answer fully and completely Plaintiff's interrogatories 8, 9, 11 and 12 as well as Respond to Production of Documents Requests 4, 5, 7 and 15 within 48 hours of this Order.

Respectfully submitted

By:          /S/
	Charles Weiner, Esquire
	PA Attorney I.D. #52926
	Counsel for David Hershey
	179 North Broad Street
	Doylestown, PA 18901
	215-348-4283
	 (FAX) 215-340-2412
	e-mail: charles@charlesweinerlaw.com