# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN<br><br>                    Plaintiff<br><br><br>                    v.<br><br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS,<br>                    Defendant<br>_____ | Civil Action  09-5028 |

## INTERROGATORIES OF AARON L. HARTMAN DIRECTED TO DEFENDANT

Aaron L. Hartman, Plaintiff, by his attorney Charles Weiner, Esquire, hereby propounds the following Interrogatories under and pursuant to Federal Rule of Civil Procedure No. 26.  These Interrogatories are deemed continuing so as to require further answer from now until the time of trial, without further notice, if you learn further information called for herein.  These Interrogatories are addressed to you as a party to this action, and your Answers shall be based upon the information known to you, your attorney or other representative.

These Interrogatories must be answered separately and fully by you in writing under oath. The answers are to be inserted in the spaces provided after each Interrogatory.  If there is insufficient space to answer the Interrogatory, the remainder of the answer should follow on a supplementary sheet.

The Answers must be signed by you and under the applicable Rules of Civil Procedure. You must file and serve your Answers on the Plaintiff's attorney by January 18, 2010.

## I.  DEFINITION

As used in the Interrogatories, the words and terms set forth below are defined as follows unless a contrary meaning is apparent from the context:

1.      "Plaintiff" refers to Aaron L. Hartman.

2.      "Defendant" refers to National Board of Medical Examiners

3.      "Describe", "specify", and/or "state" shall mean to set forth fully and unambiguously, using technical terms or words of art, if necessary, each and every fact relevant to the answer called by the Interrogatory of which the answering party or their agents, employees or representatives have knowledge.

4.      "Person" or "persons" means all individuals and entities, including without limitation, individuals, representative persons (including any officer, director, employee, agent, or any person acting on behalf of or purporting to act on behalf of the designated entity), agencies, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, division, bureaus, boards and every other organization.

5.      "Agreement" means any common understanding reached by two or more people or entities, whether written or oral, formal or informal.

6.      "You" or "your" means the party separately answering the Interrogatory.

7.      Whenever appropriate, a word in the singular shall include the plural thereof.  The masculine shall include the feminine, the feminine shall include the masculine, and the neuter shall include both the masculine and feminine.

8.      "Document" means any written, printed, typed or other graphic material of any kind or nature however created or stored, and all mechanical, electronic, or sound recordings in your possession or control, or known by you to exist.  It shall also mean all drafts or non-identical copies of documents by whatever means made.

9.      "Communicate" or "communication" means every manner or means of disclosure or transfer or exchange of information of any kind whether orally or by document or whether face-to-face, by telephone, mail, personal, electronic or any other means of delivery.

10. a. "Identify" or "identity" when used with respect to a natural person means to state his or her full name, present or last known address, present or last known position or business affiliation, all positions or business affiliations during the time period of the Interrogatory, and general description of the business in which he or she is or was engaged in each such position.

b. "Identify" or "identity" when used with respect to any other entity means to state its full name, the address, the address of its principal place of business and the names of its officers and directors.

c. "Identify" or "identity" when used with respect to a document means to state the name and title of the document, the type of document (e.g., letter, memorandum, telegram, chart, e-mail

messages, electronic file, etc...), its date, the person who wrote it, the person who signed it, the person to whom it was sent, its present location, its present custodian, and the author and date of any handwritten notations on the document.  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and explain the circumstances surrounding, and the authorization for, such disposition.  Please state also the date or approximate date thereof.  Documents prepared prior to the period covered by the Interrogatory, but which relate or refer thereto are to be included.

      d. "Identify" or "identity" when used with respect to any unwritten communication means to state the identity of the natural person making and receiving the communication, their respective principals or employers at the time of the communication, the date, manner, and place of the communication, and the substance of the communication.

      e. "Identify" or "identity" when used with respect to a meeting means to state the nature of the meeting (formal gathering, conversation, telephone call, etc.), to identify all persons participating, to provide the date, duration, and location(s), and to state the substance of the discussion.

      11.  "USMLE Step 2 CS" or "examination" when used means the United State Medical Licensing Examination Step 2 Clinical Science examination.

## II. <u>INSTRUCTIONS</u>

      1.  The information requested is for all information known to you and available at the time of answering these Interrogatories, including information in the possession of your agents.

      2.  To the extent any information called for by an Interrogatory is unknown to you, so state, and set forth such remaining information as is known.  If any estimate or general description can reasonably be made in place of unknown information, set forth your best estimate or general description, clearly designating the answer as such, in place of unknown information, and the basis upon which the estimate or general description is made.

      3.  If any document that refers to or relates to anything about which the Interrogatory asks is no longer in your possession or subject to your control, or is no longer in existence, identify the document and state whether it is missing, lost, destroyed, voluntarily or involuntarily transferred to others, or has otherwise been disposed.  Also specify the circumstance surrounding the disposition, the date of the disposition, and the names of all persons responsible for the disposition.

      4.  To the extent any Interrogatory is objected to, set forth all reasons therefore and supply all information sought by such Interrogatory to the extent that there is no objection.

      5.  If you claim any privilege as a ground for not answering any Interrogatory, whether in whole or in part, describe the factual basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

      6.  These Interrogatories shall be deemed to be continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial.

7.  If, in responding to the Interrogatory, any ambiguity in construing the Interrogatory, a Definition, or an Instruction is encountered, set forth the matter deemed ambiguous and the construction chosen in responding to the Interrogatory.

8.  All interrogatories are directed to National Board of Medical Examiners unless specified otherwise.

## I.      GENERAL INTERROGATORIES

1.      Identify each person participating in the preparation of the answers to these

interrogatories or supplying information used in such preparation, and indicate the interrogatories

with respect to which he or she was involved.

2.      List all witnesses you intend to call at the hearing or trial of this matter, including their

names, addresses, telephone numbers, relationship to the case and to Defendant and a summary

of the subject matter of each witness's testimony, including an identification of all documents

and material furnished, supplied or provided to you or your agents, from said witnesses.

3.      Identified all individuals who reviewed Plaintiff's request for accommodations on the

examination, the information reviewed, and the date that the individual identified reviewed the

material.

4.      Described how the granting of use of a computer or electronic device(s) with text to speech software to communicate during patient encounters would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden.

5.      State in detail the reasons for denying Plaintiff's request for use of a computer or electronic device(s) with text to speech software to communicate during patient encounters on the examination.

6.      Identify each individual that you consulted included the date consulted to determine whether or not Plaintiff has a disability or needs accommodations on the examination, or what reasonable accommodations he may need on the examination.

7.      Identify each individual involved in making the decision regarding Plaintiff's request for accommodations on the examination.

8.      Identify each standardized patient who participated in USMLE Step 2 CS administer to Plaintiff on June 26, 2009.

9.      Indentify each individual who participated in the grading of the USMLE Step 2 CS administered to Plaintiff on June 26, 2009.

10.     Identify Defendant's representative who can describe the grading process utilized for the examination including knowledge of all grading documents, checklists and rubrics.

11.     State the nature and type of accommodation(s) or auxiliary aid(s) approved by Defendant for persons with impaired speaking, hearing or vision that has been provided to other examinees on the examination.

12.     For each accommodation or auxiliary aid identified in Interrogatory 11 above state the date(s) and/or frequency the accommodation(s) or auxiliary aid(s) was approved.

## II.     <u>IDENTIFICATION OF EXPERTS</u>

13.     State the name and present address of each person who you expect may be called as an expert witness on behalf of the Defendant at trial.

14.     State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any, received.

15.     State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of training.

16.     Identify separately each book, paper, article or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication and co-authors, if any.

17.     State separately for each expert each job held by each expert for the past ten years, including names and addresses of employers, dates of employment, and description held.

18.     State separately and in detail for each expert the subject matter on which the expert is expected to testify and the substance of all facts and opinions about which each expert is expected to testify.

19.     Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter.

20.     Identify separately as to each expert all other judicial or administrative actions in which each expert has ever testified, specifying for each the name, docket number, and court of each case in which he or she has testified, the dates of that testimony, the substance of that testimony, and the party for whom the testimony was given.

By:_____/S/_____
Charles Weiner, Esquire
PA Attorney I.D. #52926
Counsel for Aaron L. Hartman
179 North Broad Street
Doylestown, PA 18901
215-348-4283
 (FAX) 215-340-2412
e-mail: charles@charlesweinerlaw.com

DATED:  January 7, 2010

EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN<br>                    Plaintiff<br><br><br>                    v.<br><br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS,<br>                    Defendant<br>_____ | Civil Action  09-5028 |

**REQUEST FOR PRODUCTION OF DOCUMENTS OF
PLAINTIFF, AARON L. HARTMAN DIRECTED
TO NATIONAL BOARD OF MEDICAL EXAMINERS.**

TO:    NATIONAL BOARD OF MEDICAL EXAMINERS
         Jane Leopold-Leventhal, Esquire
         Grace M. Deon, Esquire
         Eastburn and Gray, P.C.
         60 East Court Street
         Doylestown, PA  18901

         Plaintiff, Aaron L. Hartman by and through his attorney, Charles Weiner, hereby requests

that you produce the documents hereinafter described and permit said Plaintiff and its attorneys to

inspect them and copy such of those documents as they may desire.  Plaintiff requests that the

documents be made available for this inspection at the offices of Charles Weiner, 179 North Broad

Street, Doylestown, PA  18901 on or before January 18, 2010. Please refer to the Interrogatories

that are served upon you herewith, for definitions of terms and words utilized in the within Request

for Production of Documents.

- 1 -

1.      Any and all documents, materials and information that you possess or that is in the possession of your attorney, that relates to Plaintiff's request for accommodations.

2.      All documents, papers or tangible things that support or respond to any of Defendant's answers to Plaintiff's interrogatories.

3.      Any and all documents contained within or maintain in Plaintiff's file concerning his request of accommodations on the examination.

4.      Any and all video and/or audio recordings of the examination administered to Aaron Hartman on June 26, 2009.

5.      Any and all documents, forms, rubrics, or grade/scoring documents, rating scale documents, check lists and any other documents reflecting the scoring criteria and scoring process utilized in assessing Aaron Hartman's performance on the examination administered on June 26, 2009.

6.      Any and all documents that provide a description of the construct of the examination or describe the measurement of the skills or knowledge the examination is intended to test.

7.      Any and all training material, video, booklet, pamphlets or other documentation or tangible things that are utilized in the training of standardized patients involved in the examination.

8.      Any and all documents or material which supports Defendant's contentions that the requested accommodations fundamentally alter the examination.

9.      Any and all documents utilized by Defendant that lists, describes or gives examples of all the accommodations that Defendant approves for individuals with disabilities for the examination.

10.     Any and all documents, expert reports and medical reports or things that were reviewed or will be relied upon in whole or part by any testifying expert in this case.

11.     Any and all documents, notes, papers and things in the file of any expert witness who may testify or in the file of any expert who has written a report which is or will be relied upon in whole or in part by a testifying expert.

12.     Copies of any documents or statement which any witness Defendant will use or anticipates using during this case.

13.     All correspondence, e-mails, documents or tangible things between Defendant's employees, representatives, agents and consultants concerning Plaintiff's request for accommodations on the examination.

14.     Any and all agreements or contracts between Defendant and consultant or experts who reviewed or participated in Plaintiff's request for accommodations on the examination.

15.     Any and all agreements or contracts between Defendant and standardized patients or other persons who participated in the grading of Plaintiff's examination administered on June 26, 2009.

16.     Resumes or curriculum vitae of all Defendant's employees or consultants whom you intend to call as a witness in this matter.


By: _____/S/_____
Charles Weiner, Esquire
PA Attorney I.D. #52926
Counsel for Aaron L. Hartman
179 North Broad Street
Doylestown, PA 18901
215-348-4283
 (FAX) 215-340-2412
e-mail: charles@charlesweinerlaw.com

DATED:  January 7, 2010

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON L. HARTMAN,                        :
                                         :
                 Plaintiff               :        No.  09-5028
                                         :
        v.                               :
                                         :
NATIONAL BOARD OF MEDICAL                :
EXAMINERS,                               :
                                         :        Civil Action
                 Defendant               :

### DEFENDANT, NATIONAL BOARD OF MEDICAL EXAMINERS',
### ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, NATIONAL BOARD OF MEDICAL EXAMINERS, by and through

its attorneys, Eastburn and Gray, P.C., Esquires, hereby submits the within

responses to Plaintiff, Aaron Hartman's Interrogatories and responds as follows:

1.      Identify each person participating in the preparation of the answers to

these interrogatories or supplying information used in such preparation, and

indicate the interrogatories with respect to which he or she was involved.

**Response 1**.

        Shelley Z. Green, Esq. - Review and coordination of all responses

        Suzanne Williams, Esq. - Review and coordination of all responses

        Catherine Farmer, Psy.D. – Provided information responsive to the

interrogatories concerning processing of Plaintiff's request for

accommodations.

Brian Clauser, Ed. D. - Provided information concerning reasons the use of text to speech technology would fundamentally alter the nature of the service provided.

Peter Katsufrakis, M.D., MBA - Provided information concerning reasons the use of text to speech technology would fundamentally alter the nature of the service provided.

2.     List all witnesses you intend to call at the hearing or trial of this matter, including their names, addresses, telephone numbers, relationship to the case and to Defendant and a summary of the subject matter of each witness's testimony, including an identification of all documents and material furnished, supplied or provided to you or your agents, from said witnesses.

**Response 2**

Peter Katsufrakis, M.D., MBA 3750 Market Street, Philadelphia, PA 19104, (215) 590-9500.  As Vice President, Assessment Programs, at the NBME, Dr. Katsufrakis' duties include providing strategic and developmental planning for the clinical skills examination administration and providing general NBME/USMLE program oversight as a senior medical advisor.   Dr. Katsufrakis will provide testimony concerning the USMLE Program generally and why the use of text to speech technology would fundamentally alter the nature of the service provided.

Brian Clauser, Ed. D., 3750 Market Street, Philadelphia, PA 19104. (215) 590-9500.  In his role as Associate Vice President, Measurement Consulting

Services, at the NBME, Dr. Clauser directs and manages a group of senior researchers and technical experts who support a wide range of psychometric activities involving USMLE and other NBME products and services.   Dr.   Clauser will provide testimony concerning the grading process utilized by the USMLE Program generally and why the use of text to speech technology would fundamentally alter the nature of the service provided.

Catherine Farmer, Psy.D., 3750 Market Street, Philadelphia, PA 19104. (215) 590-9500. In her role as Manager, Disability Services and ADA Compliance Officer, Testing Programs, Dr. Farmer is responsible for the implementation of policies and procedures related to the provision of accommodations and services to disabled examinees taking   USMLE   and   for overseeing the delivery of those approved accommodations.

3.     Identify all individuals who reviewed Plaintiff's request for accommodations on the examination, the information reviewed, and the date that the individual identified reviewed the material.

**Response 3**.

The   following   individuals   reviewed   the   Plaintiff's   request   for accommodations on Step 2 CS:

- Dr. Catherine Farmer reviewed all material submitted by the Plaintiff, or on his behalf, as part of his application for accommodations from August 12, 2008 to the present.

- On or about August 18, 2008 Dr. Laura Wilber reviewed the material submitted by the Plaintiff as part of his July 11, 2008 application for accommodations.

- In response to Plaintiff's request by a letter dated October 5, 2009, Ms. Elizabeth D. Azari reviewed the following: the Plaintiff's letter dated October 5, 2009 and three attachments to that letter, namely, a "Step 2 Clinical Skills Applicant's Request for Test Accommodation" dated September 16, 2009, Stony Brook University Medical Center Speech Pathology report dated May 14, 2007 and a letter from Emily McCafferty of the Suffolk Center for Speech Therapy dated September 17, 2009. To familiarize herself with Plaintiff's file, Ms. Azari also reviewed Dr. Farmer's letter dated September 29, 2009 approving certain accommodations for Plaintiff.

4.      Described how the granting of use of a computer or electronic device(s) with text to speech software to communicate during patient encounters would fundamentally alter the measurement of the skills or knowledge the examination is intended to test or would result in an undue burden.

**Response 4.**

The Spoken English Proficiency (SEP) portion of the Step 2 Clinical Skills (CS) examination is designed to assess the effectiveness of the examinee's spoken English communication within the context of the simulated doctor-patient encounter.

4

The SEP portion of Step 2 CS includes, but is not limited to, the assessment of the examinee's word pronunciation and the amount of listener effort required for the Standardized Patient (SP) to understand the examinee's spoken questions and spoken responses.  Granting the use of a computer or electronic device with text to speech software to communicate during patient encounters will fundamentally alter what the SEP portion is intended to measure by replacing the examinee's spoken language with written text and computer-generated speech.

5.      State in detail the reasons for denying Plaintiff's request for use of a computer or electronic device(s) with text to speech software to communicate during patient encounters on the examination.

**Response 5.**

The Spoken English Proficiency (SEP) portion of the Step 2 Clinical Skills (CS) examination is designed to assess the effectiveness of the examinee's spoken English communication within the context of the simulated doctor-patient encounter. The SEP portion of Step 2 CS includes, but is not limited to, the assessment of the examinee's word pronunciation and the amount of listener effort required for the Standardized Patient (SP) to understand the examinee's spoken questions and spoken responses.  Granting the use of a computer or electronic device with text to speech software to communicate during patient encounters will fundamentally alter what the SEP portion is intended to measure by replacing the examinee's spoken language with written text and computer-generated speech.

6.      Identify each individual that you consulted including the date consulted to determine whether or not Plaintiff has a disability or needs accommodations on the examination, or what reasonable accommodations he may need on the examination.

**Response 6.**

The following individuals were consulted to determine whether or not Plaintiff had a disability or needed accommodations:

- Dr. Catherine Farmer (as noted in Interrogatory 3)
- Dr. Laura Wilber  (as noted in Interrogatory 3)

7.      Identify each individual involved in making the decision regarding Plaintiff's request for accommodations on the examination.

**Response 7.**

Dr. Catherine Farmer reviewed the information submitted by the Plaintiff, or on behalf of the Plaintiff, in support of his request for accommodations, together with the report of Dr. Laura Wilber, and rendered the decision regarding Plaintiff's request for accommodations.

8.      Identify each standardized patient who participated in USMLE Step 2 CS administer to Plaintiff on June 26, 2009.

**Response 8.**

Objection.   NBME objects to this interrogatory on the grounds that the information and/or related materials requested are highly confidential, constitute trade secrets, and are maintained under complete security by the NBME. Additionally, NBME objects to this interrogatory where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.   This Interrogatory is also objected to where information sought is with respect to individuals who are not employees of the NBME and over whom the NBME does not exercise control or authority.   Information regarding said standardized patients is confidential and, where the NBME does not exercise authority or control over those individuals, the NBME is not in a position to elicit their names from their employer and provide that information in the context of this lawsuit.

9.      Indentify each individual who participated in the grading of the USMLE Step 2 CS administered to Plaintiff on June 26, 2009.

**Response 9.**

Objection.  NBME objects to this interrogatory where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of this objection, Dr. Brian Clauser was involved in the design and implementation of the grading procedures for USMLE Step 2 CS.

10.    Identify Defendant's representative who can describe the grading process utilized for the examination including knowledge of all grading documents, checklists and rubrics.

**Response 10.**

Dr. Brian Clauser was involved in the design and implementation of the grading process for USMLE Step 2 CS and can describe the grading process utilized therein.

11.    State the nature and type of accommodation(s) or auxiliary aid(s) approved by Defendant for persons with impaired speaking, hearing or vision that has been provided to other examinees on the examination.

**Response 11.**

Objection.  The portion of this Interrogatory which seeks information regarding accommodations for impaired hearing or vision is objected to where this information is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of that objection, with respect to accommodations and auxiliary aids provided to persons with impaired speaking, defendant responds as follows:

| Date Approved | Accommodation |
|---|---|
| 06/21/2004 | Additional 5 minutes for patient encounter<br>Permission to carry cards during exam that informs the SP that examinee has a stutter |

| 09/07/2004 | Additional 5 minutes for patient encounter |
| 03/08/2005 | Additional 5 minutes for patient encounter. |
| 07/07/2006 | Additional 7 minutes 30sec for patient encounter<br>Use of SpeakEasy device |
| 08/25/2006 | Additional 5 minutes for patient encounter |
| 01/16/2008 | Additional 5 minutes for patient encounter |
| 04/01/2008 | Additional 10 minutes for patient encounter |
| 08/20/2008* | Additional 8 minutes for patient encounter<br>Substitute face to face encounter for telephone encounter |
| 10/02/2008 | Additional 5 minutes for patient encounter |
| 11/21/2008 | Additional 5 minutes for patient encounter |
| 04/24/2009 | Additional 5 minutes for patient encounter |
| 09/24/2009* | Additional 15 minutes for patient encounter<br>Two day administration<br>Substitute face to face encounter for telephone encounter |
| 11/03/2009 | Additional 8 minutes for patient encounter |

* Denotes the date of approval for accommodations offered to Plaintiff.


12.    For each accommodation or auxiliary aid identified in Interrogatory 11 above

state the date(s) and/or frequency the accommodation(s) or auxiliary aid(s) was

approved.

**Response 12.**

Without waiver of the` objection noted above, see information provided in

Interrogatory 11.

## II.      IDENTIFICATION OF EXPERTS

13.      State the name and present address of each person who you expect may be called as an expert witness on behalf of the Defendant at trial.

**Response 13.**

NBME does not anticipate calling any expert witnesses in support of its case.  NBME will forward a supplemental response to Plaintiff to the extent that NBME's intention changes in this regard.

14.      State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any, received.

**Response 14.**

See NBME's response to Interrogatory No. 13.

15.      State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of training.

**Response 15.**

See NBME's response to Interrogatory No. 13.

16.      Identify separately each book, paper, article or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication and co-authors, if any.

**Response 16.**

See NBME's response to Interrogatory No. 13.

17.     State separately for each expert each job held by each expert for the past ten years, including names and addresses of employers, dates of employment, and description held.

**Response 17.**

See NBME's response to Interrogatory No. 13.

18.     State separately and in detail for each expert the subject matter on which the expert is expected to testify and the substance of all facts and opinions about which each expert is expected to testify.

**Response 18.**

See NBME's response to Interrogatory No. 13.

19.     Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter.

**Response 19.**

See NBME's response to Interrogatory No. 13.

20.     Identify separately as to each expert all other judicial or administrative actions in which each expert has ever testified, specifying for each the name, docket number, and court of each case in which he or she has testified, the dates

of that testimony, the substance of that testimony, and the party for whom the testimony was given.

**Response 20.**

See NBME's response to Interrogatory No. 13.

NBME reserves the right to supplement its responses to these Interrogatories pursuant to the Federal Rules of Civil Procedure.

**EASTBURN AND GRAY, P.C.**

By *Jane Leopold-Leventhal*

Jane Leopold-Leventhal
Grace M. Deon

Attorneys for Defendant,
National Board of Medical
Examiners

60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
Ph.:   215-345-7000
Fax:  215-345-9142

Dated:  January 26, 2010

EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON L. HARTMAN, | : | |
| | : | |
| Plaintiff | : | No.  09-5028 |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | |
| EXAMINERS, | : | |
| | : | Civil Action |
| Defendant | : | |

### DEFENDANT, NATIONAL BOARD OF MEDICAL EXAMINERS', <u>ANSWERS TO PLAINTIFF'S DOCUMENT REQUESTS</u>

Defendant, NATIONAL BOARD OF MEDICAL EXAMINERS, by and through its attorneys, Eastburn and Gray, P.C., Esquires, hereby submits the within responses to Plaintiff, Aaron Hartman's Requests for Production of Documents and responds as follows:

1.      See attached under Tab 1.  All privileged materials and documents, however, have been removed and are not being provided.

2.      See attached file.  All privileged materials and documents, however, have been removed and are not being provided. In addition, please see NBME's orientation CD (Tab 2), provided herewith; NBME's bulletin of information available on-line at the NBME's/USMLE's website; and

<u>http://www.usmle.org/Examinations/step2/step2cs.html</u>.

Containing information regarding the USMLE CS examination.

3.      See attached materials.  All privileged materials and documents, however, have been removed and are not being provided.

4.      Objection.  NBME objects to this Request on the grounds that it information and/or related materials which are highly confidential, constitute a

trade secret, and are maintained under complete security by the NBME. Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

5.    Objection.  NBME objects to this Request on the grounds that it information and/or related materials which are highly confidential, constitute a trade secret, and are maintained under complete security by the NBME. Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiver of this objection, please see NBME's orientation CD, provided herewith; NBME's bulletin of information available on-line at the NBME's/USMLE's website; and

http://www.usmle.org/Examinations/step2/step2cs.html.

Containing information regarding the USMLE CS examination.

6.    See NBME's orientation CD, provided herewith; NBME's bulletin of information available on-line at the NBME's/USMLE's website

7.    Objection.  NBME objects to this Request on the grounds that it information and/or related materials which are highly confidential, constitute a trade secret, and are maintained under complete security by the NBME. Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

8.    See attached materials, information contained at NBME's/USMLE's website and testimonial evidence to be supplied.  See also NBME's responses to Interrogatories.

9.    See the NBME/USMLE website for sample types of accommodations provided.  Also, please see materials in attached Interrogatory responses responsive to this Request.

10.    None.

11.    None.

12.    None.

13.     Objection.  This information is objected to where is seeks materials and documents protected from disclosure pursuant to the attorney-client privilege.  Without waiver of this objection, see responsive and discoverable materials provided under Tab 1.

14.     See Laura Wilber, Ph.D's Curriculum Vitae, attached hereto under Tab 3.

15.     Objection.  This Request is objected to on several grounds.  First, NBME objects to this Request on the grounds that it information and/or related materials which are highly confidential, constitute a trade secret, and are maintained under complete security by the NBME.  In addition, standardized patients are not employees of the NBME.

Additionally, NBME objects to this Request where the information sought is neither relevant to the underlying claim, nor reasonably calculated to lead to the discovery of admissible evidence.

16.     See documents provided under Tab 4: CV's for Dr. Brian E. Clauser, Ed. D, Dr. Catherine Farmer, Psy.D., and Dr. Peter Joseph Katsufrakis, M.D.

NBME reserves the right to supplement its responses to this Request for Production of Documents pursuant to the Federal Rules of Civil Procedure.

                                        EASTBURN AND GRAY, P.C.


                                        By:
                                            Jane Leopold-Leventhal
                                            Grace M. Deon

                                            Attorneys for Defendant,
                                            National Board of Medical
                                            Examiners

                                            60 East Court Street
                                            P.O. Box 1389
                                            Doylestown, PA 18901
Dated:  January 25, 2010                     Ph.:  215-345-7000
                                            Fax:  215-345-9142

# EXHIBIT 5

# Law Office of Charles Weiner
### *Attorney at Law*

| | | |
|---|---|---|
| 866-497-9597 (Toll Free) | 179 North Broad Street | charles@charlesweinerlaw.com |
| 215-340-2412 (Fax) | Doylestown, PA 18901 | www.charlesweinerlaw.com |
| | 215-348-4283 | |

January 27, 2010

**VIA E-MAIL/JELL@EASTBURNGRAY.COM &
GDEON@EASTBURGRAY.COM**

Jane E. Leopold-Leventhal, Esquire
Grace M. Deon, Esquire
Eastburn and Gray, P.C.
60 East Court Street
Doylestown, PA 18901

      Re:    Hartman v. NBME

Dear Jane & Grace:

This is to follow up on my voice message to Jane earlier today concerning Defendant's objections to Plaintiff's written discovery. Defendant's objections to the following interrogatories and request for production of documents are not appropriate for the following reasons:

- Interrogatories 8 and 9 seeks information from potential witnesses who can provide discoverable information about scoring procedures and examination criteria and skills measured.

- Interrogatory 11 and 12 seeks discoverable information concerning the type of accommodations previously approved on the USMLE Step 2 CS examination.

- Request for Production 4 concerns the video/audio recording of the examination administered to Mr. Hartman on June 26, 2009, this not only discoverable on numerous grounds, it is admissible as evidence.

- Request for Production 5, 7, 13, and 15 seek discoverable information concerning scoring procedures and examination criteria and skills measured.

Based on the foregoing, I shall be filing a motion to compel with the court.

Thank you for your attention to this matter.

Very truly yours,
   /s/
Charles Weiner

EXHIBIT 6

LAW OFFICES

# EASTBURN AND GRAY, P.C.

60 EAST COURT STREET
P.O. BOX 1389
DOYLESTOWN, PA  18901-0137
215-345-7000
FAX: 215-345-9142
WWW.EASTBURNGRAY.COM
_____

775 PENLLYN BLUE BELL PIKE
BLUE BELL, PA 19422
215-345-7000
_____

JANE E. LEOPOLD-LEVENTHAL
E-MAIL:  JELL@EASTBURNGRAY.COM

PLEASE REPLY TO:  DOYLESTOWN OFFICE

ARTHUR M. EASTBURN 1911-1971
CHARLES M. MARSHALL 1964-1977
SAMUEL S. GRAY, JR.  1938-2003
ARTHUR M. EASTBURN, JR.  1947-2007
WILLIAM H. EASTBURN, III 1960-2008

THOMAS F. J. MacANIFF
DEREK J. REID*+
KENNETH R. WILLIAMS
JOANNE D. SOMMER
DAVID L. MARSHALL
GRACE M. DEON*
ROBERT M. COX*
JUDITH A. ALGEO
KELLIE A. McGOWAN*
JUDY L. HAYMAN*
TIMOTHY D. CAUM, II*

JOHN A. VAN LUVANEE
ERIC R. TOBIN
D. RODMAN EASTBURN
JOHN N. SCHAEFFER, III
JANE E. LEOPOLD-LEVENTHAL
G. MICHAEL CARR*
WILLIAM T. DUDECK*
KIMBERLY LITZKE
MARC D. JONAS
JULIE L. VON SPRECKELSEN*
NATHAN D. FOX*

OF COUNSEL:
FRANK N. GALLAGHER
SEAN M. CORR*

CHARLES H. DORSETT, JR.
MARK S. CAPPUCCIO

*ALSO ADMITTED IN NEW JERSEY
*+MANAGING SHAREHOLDER-NEW JERSEY

January 28, 2010

Charles Weiner, Esquire
Law Offices of Charles Weiner
179 N. Broad Street
Doylestown, PA  18901

*Via E-Mail*

> Re:  **AARON L. HARTMAN vs. NATIONAL BOARD OF MEDICAL EXAMINERS,**
> **United States District Court for the Eastern District of Pennsylvania,**
> **Docket Number:  09-5028**

_____

Dear Charles:

In response to your letter of January 27, 2010, needless to say we disagree. Although the explanations for NBME's objections are set forth in NBME's discovery responses, let me briefly respond to two of the issues you have raised.

First, regarding Interrogatories 11 and 12, NBME has provided a substantial amount of information.  My question to you is: what possible relevance could the NBME's scope of accommodations for hearing impaired or visually impaired individuals have to do with a stuttering condition?

Second, regarding Interrogatories 8 and 9, why would the names of the standardized patients and possibly their depositions, be relevant?  As I understand the issues, they include whether Mr. Hartman is disabled/impaired under the ADA and the statutes you have cited and, if so, what is a reasonable accommodation for that impairment.  That being said, what relevance could the names of the standardized

Charles Weiner, Esquire
January 28, 2010
Page 2

---

patients and the names of those who participated in issues related to grading, have to do with the matters at issue?  We are providing individuals from the NBME, pursuant to your request, who will be able to answer any and all of your questions regarding grading rubrics, etc.…  I do not see how identifying each particular person who may have had a role in scoring, has anything to do with the issues before Judge Pollak in addressing Plaintiff's claims and NBME's defenses to those claims.

I do not necessarily expect that we will see eye to eye on these issues, but thought I would reach out in response to your letter and request that you explain the reason(s) why you believe the information you seek is discoverable.  NBME has explained the bases for its objections in its discovery responses.  Perhaps if you provide an explanation we may be able to work towards a resolution without involving the Court.

NBME's bases for objecting to the video taped information is set forth in the body of its discovery responses and this has not changed.

Very truly yours,

/s/

JELL/lmf                                Jane E. Leopold-Leventhal

EXHIBIT 7

# Law Office of Charles Weiner
*Attorney at Law*

866-497-9597 (Toll Free)          179 North Broad Street          charles@charlesweinerlaw.com
215-340-2412 (Fax)               Doylestown, PA 18901            www.charlesweinerlaw.com
                                        215-348-4283

January 28, 2010

**VIA E-MAIL/JELL@EASTBURNGRAY.COM &**
**GDEON@EASTBURGRAY.COM**

Jane E. Leopold-Leventhal, Esquire
Grace M. Deon, Esquire
Eastburn and Gray, P.C.
60 East Court Street
Doylestown, PA 18901

      Re:    Hartman v. NBME

Dear Jane & Grace:

I acknowledge receipt of Jane's letter from earlier this morning maintaining NBME's objections to discovery. My prior letter of January 27, 2010 states our reasons for requesting this discovery. It appears that your objections are largely based on relevance which is not an appropriated basis for withholding discoverable material. The information sought in our discovery is not only discoverable; much of it would likely be admissible. I surmise that providing any further detailed information about our requests would not likely change your position.

In light of the short discovery period, it is necessary to file a motion to compel. Should you produce this information in its entirety after I file the motion, I may consider withdrawing the motion.

Very truly yours,
   /s/
Charles Weiner