UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN, : | |
| Plaintiff, : | |
| v. : | No. 09-5028 |
| NATIONAL BOARD OF MEDICAL : | |
| EXAMINERS, : | |
| Defendant. : | |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiff's Motion to Compel Defendant to Answer Interrogatories and Produce Documents and Tangible Things, filed on January 28, 2010, and the opposition thereto, it is ORDERED that the Motion to Compel is DENIED.

BY THE COURT

_____
Louis H. Pollak, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN,<br><br>   Plaintiff,<br><br> v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>   Defendant. | :<br>:<br>:<br>:<br>: No. 09-5028<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT NBME'S OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL

Defendant National Board of Medical Examiners ("NBME") respectfully responds to Plaintiff's Motion to Compel Defendant to Answer Interrogatories and Produce Documents and Tangible Things, filed January 28, 2010 in the above captioned matter ("Pl. Motion"). Plaintiff's Motion should be denied for the reasons set forth below.

### INTRODUCTION

Jurisdictions across the United States rely upon the United States Medical Licensing Examination, or "USMLE," as an important part of their licensure process for ensuring the qualifications of prospective physicians. There are multiple components of the USMLE, known as "Steps," and they are taken at various times in an individual's medical education and training. Plaintiff Aaron Hartman is a medical school student who plans to re-take the USMLE Step 2 Clinical Skills exam (he has taken it once already but did not achieve a passing score). He claims to have a disability within the meaning of the Americans with Disabilities Act ("ADA"),

80749673.1

- 1 -

and, in September 2009, he requested various accommodations on the Step 2 CS exam from defendant NBME. NBME agreed to provide some accommodations, but Mr. Hartman was not satisfied with those accommodations. He therefore filed this lawsuit.

Step 2 of the USMLE assesses "the principles of clinical sciences and basic patient-centered skills that provide the foundation for the safe and effective practice of medicine." USMLE, *2009 Step 2 Clinical Skills (CS) Content Description and General Information*, at p. 3 (attached as Ex. 1 hereto). There are two components of the Step 2 exam, Clinical Knowledge (CK) and Clinical Skills (CS). "Step 2 CK uses the multiple-choice examination format to test clinical knowledge. Step 2 CS uses standardized patients to test medical students and graduates on their ability to gather information from patients, perform physical examinations, and communicate their findings to patients and colleagues." *Id.* This lawsuit involves the Step 2 CS examination.

During the Step 2 CS exam, an examinee has twelve patient encounters, each of which lasts 15 minutes under the normal testing time. *Id.* at 6. "The testing area…consists of a series of examination rooms equipped with standard examination tables, commonly used diagnostic instruments…, non-latex gloves, sinks and paper towels…. Outside of each examination room is a cubicle equipped with a computer, where [the examinee] can compose the patient note" after conducting the examination and diagnostic interview. *Id.* When examinees enter each examination room, they encounter a "standardized patient" who has been trained to portray a clinical problem.

Plaintiff took the Step 2 CS exam in June 2009 and did not pass. The present lawsuit relates to his request for testing accommodations when he re-takes the Step 2 CS exam. He has filed a motion for a preliminary injunction that would require NBME to allow him to test with

the accommodations he prefers (in other words, he is seeking a mandatory preliminary injunction that would give him the very relief that he would receive only if he prevails on the merits). Expedited discovery is underway in connection with that motion. Now before the Court is a motion by plaintiff to compel NBME to provide additional interrogatory responses and documents.

## ARGUMENT

As an initial matter, NBME notes that plaintiff made only a cursory effort to resolve the present discovery dispute before filing his motion to compel. His counsel notified NBME's counsel that certain of the NBME's discovery responses were, in his view, insufficient. *See* Pl. Motion, Ex. 5 (January 27, 2010 letter). NBME's counsel immediately responded, asking why certain of the information requested by plaintiff was relevant:

> I do not necessarily expect that we will see eye to eye on these issues, but thought I would reach out in response to your letter and request that you explain the reason(s) why you believe the information you seek is discoverable. NBME has explained the bases for its objections in its discovery responses. Perhaps if you provide an explanation we may be able to work towards a resolution without involving the Court.

*See* Pl. Motion, Ex. 6, at p. 2. (Jan. 28, 2010 letter).

The response that NBME received was really no response at all. Plaintiff's Counsel simply noted that his "prior letter of January 27, 2010 states our reasons for requesting this discovery," but the January 27th letter (Pl. Motion, Ex. 5) provided no reasons for the discovery at issue, *see* Pl. Motion, Ex. 7. Plaintiff's Counsel made no further effort to explain why plaintiff sought the information that NBME has objected to producing, or otherwise to resolve the issue without Court involvement. *See id.* ("I surmise that providing any further detailed information about our requests would not likely change your position. In light of the short discovery period, it is necessary to file a motion to compel. Should you produce this information in its entirety

80749673.1

- 3 -

after I file the motion, I may consider withdrawing the Motion.").

Local Rule 26.1(f) provides that "[n]o motion ... governing discovery ... shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Plaintiff's motion to compel does not include a separate certification, but it does include the following statements in the body of the motion:

> Plaintiff's counsel has called Defendant's counsel and transmitted [a] letter regarding Plaintiff's written discovery and Defendant's objections. Accordingly, Plaintiff's counsel has made a good faith effort to confer and secure disclosure prior to filing this motion. See letters annexed as Exhibits 5, 6, and 7 respectively.

Pl. Motion at ¶ 25. It is not clear that these statements, or the efforts made to resolve the present discovery dispute, satisfy the requirements of Local Rule 26.1(f). *See, e.g., Crown Cork & Seal Co. v. Chemed Co.*, 101 F.R.D. 105, 106-07 (E.D. Pa. 1984) (cautioning that, before a motion to compel is filed, "[t]here must be such serious differences between counsel that further efforts of negotiation are pointless"). In all events, for the reasons that follow, plaintiff's motion compel should be denied.

I.  *Interrogatories 8 and 9:* **Names And Addresses Of Persons Who Served As Standardized Patients On Mr. Hartman's Prior Step 2 CS Exam**

   *Document Request 15*: **Agreements/Contracts Between NBME And The Standardized Patients Who Participated In Mr. Hartman's Prior Step 2 CS Exam**

This lawsuit relates entirely to the manner in which NBME handled a request for testing accommodations that Mr. Hartman made in September 2009, in advance of re-taking the USMLE Step 2 CS examination. *See* Complaint ¶¶ 23-36. Plaintiff's complaint notes that he took the Step 2 CS exam previously, with certain accommodations that NBME approved, and that he failed the exam. *See id.* at ¶¶ 18-22. However, he is not alleging that NBME violated the ADA in its handling of his prior request for accommodations, that any ADA violations took

80749673.1

- 4 -

place when NBME administered the Step 2 CS exam to him in June 2009, or that any of the 12 standardized patients improperly graded his performance on the June 2009 exam.

Mr. Hartman nevertheless seeks the names and addresses of the individuals who served as the standardized patients when he initially took the Step 2 CS exam. He admits that this information "pertains to Mr. Hartman's *prior performance* on the USMLE Step 2 CS," and he suggests that the names of the individuals who served as his standardized patients are relevant to the "grading criteria," and the "grading process, procedures and timelines" associated with that prior performance. Pl. Motion at 4 (emphasis added). But none of that information is relevant in this case. Mr. Hartman is not challenging the grading of his performance by the individuals whose names and addresses he now moves to compel NBME to disclose. That information is not necessary for a resolution of the present dispute, nor will it lead to the production of relevant evidence.

The standardized patients were employees of another organization. They are not NBME employees, and NBME has no contracts or agreements with those individuals. Having their contact information serves no purpose other than leading to the noticing of their depositions or otherwise involving them unnecessarily in the present dispute. Moreover, if the identities of otherwise-anonymous standardized patients become publicly known, the standardized patients might be contacted by prospective examinees in an effort to influence their evaluations, and by examinees who have taken the exam and want to know why they received the evaluation that they received. The risk of such inappropriate communications is real, especially in an era when virtually everyone's contact information is a Google search away.

Standardized patients perform an important role in the Step 2 CS exam. They should not be dragged into a lawsuit that has nothing to do with them or the services they provided when

80749673.1

Mr. Hartman tested in June 2009. It will become difficult to obtain qualified standardized patients if such individuals are unnecessarily subjected to the inconveniences of litigation, or to calls from examinees. This is especially true when, as here, their involvement in a lawsuit would inevitably include being criticized, directly or indirectly, by a lawyer whose client was deemed not to have adequately demonstrated the requisite skills. Further, NBME should not have to incur the considerable expense associated with the depositions of up to twelve individuals who have no relationship whatsoever to the present lawsuit.

The Court should therefore deny plaintiff's motion to compel responses to Interrogatories 8 and 9, as well as Plaintiff's motion to compel the production of documents in response to his Document Request 15.

## II. *Interrogatories 11 And 12*: Accommodations Provided To Examinees With Hearing Or Vision Impairments

Mr. Hartman has a speaking impairment; he stutters. As an accommodation on the Step 2 Clinical Skills exam, he is requesting permission to use text-to-speech software and a laptop computer or other device with a keyboard. As part of his discovery, he seeks information about different accommodations provided to individuals with hearing or vision impairments.

NBME does not believe that the requested information is relevant in a lawsuit that involves a *different accommodation* and a *different impairment*. NBME therefore objected to plaintiff's 11th and 12th interrogatories. When Plaintiff's Counsel contested that objection, NBME requested an explanation of the possible relevance of accommodations provided by NBME to individuals with different impairments than Mr. Hartman. *See* Plaintiff Motion, Ex. 6. Plaintiff's Counsel provided no substantive response, saying that his "prior letter of January 27, 2010" had "state[d] our reasons for requesting this discovery." Plaintiff's Motion, Ex. 7. The January 27th letter, however, stated only that Interrogatories 11 and 12 "seek[] discoverable

information concerning the type of accommodations previously approved on the USMLE Step 2 CS examination." *See* Plaintiff's Motion, Ex. 5. Plaintiff's Counsel articulated no "reasons for requesting this discovery."

Notwithstanding the above, in the interest of minimizing the discovery disputes that the Court must resolve, NBME will serve amended interrogatory responses on plaintiff that include information relating to accommodations provided on the Step 2 CS exam to individuals with visions or hearing impairments.

### III. *Document Request 4*: Video And/Or Audio Recordings Of Mr. Hartman's Performance When He Took The Step 2 CS Exam On June 26, 2009

When Mr. Hartman first took the Step 2 CS exam, in June 2009, his patient encounters were videotaped, in accordance with standard exam administration procedures. He has requested copies of those tapes.

NBME strenuously objects to the production of those tapes, for two primary reasons. First, as stated above, the claims in the present lawsuit have nothing to do with how Mr. Hartman did when he took the Step 2 CS exam in June 2009. Second, and more importantly, the tapes in question reflect secure (*i.e.*, non-public) patient scenarios which will be used with future examinees. Therefore, disclosing those cases could easily compromise the integrity of those future exam administrations. It is precisely for this reason that NBME prohibits examinees from discussing or disclosing, post-exam, the cases that they encountered during their 12 patient encounters on the Step 2 CS exam; and why the unauthorized disclosure of Step 2 CS cases constitutes "irregular behavior" for which an examinee can be disciplined. *See 2009 USMLE Bulletin of Information*, at 24 ("Rules of Conduct") ("All examination materials remain the property of the USMLE parent organizations, and you will maintain the confidentiality of the materials, including … the case content for Step 2 CS…."), *and* 32-33 ("Irregular Behavior")

80749673.1

- 7 -

("Irregular behavior includes ... communicating or attempting to communicate about specific test items, cases, and/or answers ... before, during, or after an examination") (relevant pages attached as Ex. 2 hereto).

In addition to prohibiting examinees from disclosing any of the Step 2 CS cases that are used in their patient encounters, NBME registers the cases for copyright protection with the U.S. Copyright Office. It does so pursuant to special "secure test" regulations which exempt secure test materials from the Copyright Act's requirement that a copy of the registered work be deposited with the Copyright Office. The primary purpose of the registration is to help protect against the unauthorized public disclosure of the secure testing materials. *See generally Educational Testing Serv. v. Katzman*, 793 F.2d 533, 538, 544 (3d Cir. 1986) (discussing the Copyright Office's secure test regulations, and holding that the unauthorized disclosure of secure test questions would cause "irreparable harm" to ETS); *Nat'l Conf. of Bar Examiners v. Multistate Legal Studies, Inc.*, 458 F. Supp. 2d 252, 254 (E.D. Pa. 2006) (noting that examinees are prohibited from publicly disclosing MBE questions from their bar exam, and that the questions are copyrighted under the Copyright Office's secure test regulations); *Ass'n of Am. Medical Colleges v. Mikaelian*, 571 F. Supp. 144, 153-54 (E.D. Pa 1983) (noting the cost and "painstaking research and testing" involved in developing secure MCAT questions), *aff'd*, 734 F.2d 3 (3d Cir. 1984).

It takes several months to develop each standardized case that is used in a patient encounter on the Step 2 CS exam, using subject matter and testing experts and at a cost of thousands of dollars per case. The pool of available (*i.e.*, secure) standardized patient cases is relatively small, so the public disclosure of even a few secure cases would significantly harm NBME.

To the extent that plaintiff believes that a videotaped demonstration of a patient encounter might be helpful to the Court's resolution of this case, a sample encounter is a available on the USMLE website. *See* www.usmle.org/orientation/2010/menu.html. This video involves a non-secure case and thus its use in this case would not pose a threat to the integrity of the exam.

Because Mr. Hartman's performance when he took the Step 2 CS exam in June 2009 is irrelevant to his claims in the present lawsuit, and because the public disclosure of tapes containing live, confidential test material would cause significant harm to NBME and could jeopardize the integrity of the exam, NBME should not be required to produce copies of the tapes to Mr. Hartman. If the Court disagrees and requires production of those tapes, the disclosure and use of the tapes should be subject to a suitable confidentiality agreement and protective order that limits the use of the tapes to the present lawsuit and protects their contents from public disclosure.[1]

**IV.**   ***Document Requests 5 and 7*: Non-Public Grading/Scoring/Criteria**

NBME makes considerable information available to prospective examinees regarding the skills that are assessed on the Step 2 CS exam and how the exam is graded. *See* Exs. 1 and 2 hereto. These documents (and others) are available on the USMLE website, as is an orientation videotape on the Step 2 CS exam. However, NBME does not publicly disclose detailed "forms, rubrics, or grade scoring documents, rating scale documents, check lists, [or] other documents reflecting the scoring criteria," or any "training materials, video[s], booklet[s], pamphlets or other documentation or tangible things that are utilized in the training of standardized patients

---

[1] NBME respectfully requests an opportunity to file a motion for protective order and a proposed order if the Court concludes that disclosure of the requested videotapes (or any other confidential testing materials) is warranted because the materials are relevant to plaintiff's claim. *See generally Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (Pollak, J.) (discussing F.R.C.P. 26); *Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*, 216 F.R.D. 320 (E.D. Pa. 2003) (Pollak, J.) (discussing protective orders).

80749673.1

- 9 -

involved in the examination," which is what plaintiff is seeking by way of his motion to compel responses to his 5th and 7th document requests. These materials contain "scripts," training parameters and specific criteria for scoring performance on individual cases.

As NBME noted in its responses, the requested documents are "highly confidential," and NBME has policies and practices in place to maintain their strict security. The reason: their disclosure could compromise the integrity of the Step 2 CS exam and provide an unfair advantage to prospective examinees. One of those prospective examinees, of course, is Mr. Hartman.

In the context of this exam, which measures an individual's clinical skills using standardized patient encounters, disclosing the detailed information that plaintiff seeks in discovery is akin to disclosing the actual questions and answers for a multiple choice exam. If a prospective examinee has a detailed check list or "rubric" of what specific statements and actions are considered appropriate for each case, that candidate has an unfair advantage when his skills are evaluated during the patient encounters. Detailed grading criteria and check lists therefore should not be publicly disclosed. Nor should they be disclosed to Mr. Hartman in this lawsuit, as he will be taking the exam again and has no legitimate need for them in order to pursue his ADA claim.

To the extent that plaintiff asserts that this grading information is discoverable because it "pertains to [his] prior performance on the USMLE Step 2 CS," and how he was graded on that exam, the information is irrelevant to any claim in this lawsuit, in addition to being highly confidential.

At Plaintiff's Counsel's request, NBME will be producing for deposition on February 9, 2010, two employees who can address (in general terms) what the Step 2 CS exam is intended to

assess and how examinees are evaluated. That testimony, combined with the extensive grading-related information on the USMLE website and in documents NBME produced, will provide adequate information to Mr. Hartman on this subject.

The Court should therefore deny Mr. Hartman's motion to compel any additional documents in response to document requests 5 and 7.

Respectfully submitted,

EASTBURN AND GRAY, P.C.

_____
Jane E. Leopold-Leventhal
Grace M. Dean
60 East Court Street
P.O. Box 1389
Doylestown, PA  18901
Telephone:  215-345-7000
Facsimile:  215-345-0174

*Attorneys for Defendant*
*National Board of Medical Examiners*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON L. HARTMAN, | : | |
| | : | |
| Plaintiff | : | No. 09-5028 |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | : | |
| | : | Civil Action |
| Defendant | : | |

**CERTIFICATE OF SERVICE**

Grace M. Deon, counsel for Defendant, National Board of Medical Examiners, certifies that on the 4th day of February, 2010, she electronically served a true and correct copy of Defendant's response to Plaintiff's Motion to Compel Defendant to Answer Interrogatories and Produce Documents and Tangible Things, to counsel of record named below:

Charles Weiner, Esquire
179 North Broad Street
Doylestown, PA 18901

EASTBURN AND GRAY, P.C.

_____
Jane E. Leopold-Leventhal
Grace M. Deon
Attorneys for Defendant,
National Board of Medical Examiners