UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON L. HARTMAN

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

**FILED**
MAR 22 2010
_____, Clerk
By_____ Dep. Clerk

Civil Action No. 09-5028

## PRELIMINARY INJUNCTION ORDER

March 22, 2010                                                            Pollak, J

For the reasons set forth in the Court's Memorandum opinion of March 9, 2010, Plaintiff's Motion is GRANTED. It is hereby ordered that:

1. Defendant National Board of Medical Examiners ("NBME") shall allow plaintiff Aaron Hartman to use the following auxiliary aids and other testing accommodations when he takes the United States Medical Licensing Examination Step 2 Clinical Skills ("CS") examination ("Step 2 CS") as provided in Paragraph 5 below:

    a. An electronic text-to-speech device, consisting of text-to-speech software loaded onto a laptop computer;

    b. Double the standard amount of testing time for his patient encounters; and

    c. Replacement of telephonic patient encounters with in-person encounters.

2. NBME shall provide the laptop computer (with AC adaptor) and the text-to-speech software (NextUp Talker with AT&T Natural Voice "Mike"), so as to ensure the

security of the exam administration. The exam room shall also be equipped with either an additional rolling chair or a small movable table/desk on which to rest the laptop.

3. On the day of administration of his Step 2 CS exam, Mr. Hartman shall be given at least one hour of time prior to the start of his examination to familiarize himself with the text to speech device provided by NBME.

4. Mr. Hartman's performance on the Spoken English Proficiency component of the Step 2 CS examination shall be evaluated by considering only his spoken English and not the electronic speech generated from his use of the text-to-speech device. His performance on the other two components of the Step CS examination (Integrated Clinical Encounter and Communication and Interpersonal Skills) shall be evaluated using the standard scoring methods for those components.

5. NBME shall arrange that Mr. Hartman can take the Step 2 CS examination on March 31 and April 2, using the accommodations set forth above at the Philadelphia Test Center. NBME shall release the score results from this administration if necessary on or before May 15, 2010.

6. To protect the integrity of the testing process, NBME shall have the option of requiring Mr. Hartman to also take the Step 2 CS examination with only the accommodations of (a) double time and (b) replacement of telephonic patient encounters with in-person patient encounters.

7. When Mr. Hartman authorizes the release of a score report or transcript, NBME may report the scores achieved by Mr. Hartman on both of the exam administrations referenced above, together with a description of the accommodations

provided at each administration and information on whom to contact at the NBME with any questions.

8. NBME shall waive the standard fee if it elects to administer the Step 2 CS to Mr. Hartman without the accommodation of text-to-speech technology, as provided in Paragraph 6.

9. If NBME elects to test Mr. Hartman as provided above in paragraph 6, NBME shall arrange for Mr. Hartman to test on March 24 and 25 at the Philadelphia Test Center. NBME shall release the score results from this administration on April 21, 2010. If NBME elects not to administer the examination as provided in paragraph 6, then the NBME shall arrange that Mr. Hartman can take the Step 2 CS examination on March 24 and 25, 2010, at the Philadelphia Test Center, providing him the accommodations set forth in paragraphs 1 and 2 herein, *supra*, and the NBME will release the results on April 21, 2010.

10. Mr. Hartman shall post a security bond, as required by Fed. R. Civ. P. 65(c), in the amount of two thousand five hundred dollars ($2,500). At its sole election, NBME may release the security bond at any time prior to final judgment, by providing written notice to Mr. Hartman and the Court.

SO ORDERED:

_____
Pollak, J.