UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON L. HARTMAN,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

Case No. 09-5028

**MEMORANDUM OF LAW IN SUPPORT OF NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION FOR STAY PENDING APPEAL**

Defendant National Board of Medical Examiners ("NBME") respectfully seeks a partial stay of the Court's Memorandum Opinion dated March 9, 2010 (the "Memorandum") and its corresponding Preliminary Injunction Order dated March 22, 2010 (the "Order") (collectively, the "Preliminary Injunction").

The requested stay relates to a single aspect of the Court's Preliminary Injunction: namely, the requirement that NBME release Mr. Hartman's score on the Step 2 Clinical Skills ("Step 2 CS") component of the United States Medical Licensing Examination when he tests using text-to-speech ("TTS") technology. NBME does not casually request this stay, as it fully understands the Court's views. However, NBME strongly believes that the Preliminary Injunction undermines the integrity of an important component of the licensure process for physicians. NBME has an obligation to recipients of Mr. Hartman's Step 2 CS scores and to the general public to protect the integrity of the examinations that are used in the medical licensing process.

80777271.1

The Preliminary Injunction requires NBME to allow Mr. Hartman to use TTS technology when taking the Step 2 CS examination, and to release the score from that administration on or before May 15, 2010. While it allows NBME the option of administering the Step 2 CS examination to Mr. Hartman a second time without TTS, this unprecedented additional administration would not undo the harm caused by the Preliminary Injunction.

## ARGUMENT

### I.   STANDARD FOR GRANTING A STAY

The factors relevant to determining whether to grant a stay pending appeal are: "(1) whether movant is likely to succeed on the merits of the appeal, (2) whether movant will be irreparably harmed if the stay is denied, (3) whether other parties will be substantially harmed by the stay, [and] (4) [whether] the stay will harm the public interest." *See CNB Financial Corp. v. CNB Community Bank*, No. 03-6945, 2004 U.S. Dist. LEXIS 21800 (E.D. Pa. Oct. 26, 2004) (citations omitted). All four factors justify a stay in this action.

### II.   THE REQUESTED STAY PROTECTS NBME AND THE PUBLIC INTEREST, WITHOUT CAUSING ANY SUBSTANTIAL HARM TO MR. HARTMAN

#### A.   NBME Is Likely To Succeed On The Merits Of Its Appeal.

As the NBME previously argued, the Americans with Disabilities Act ("ADA") does not require the NBME to offer accommodations on the USMLE that relate to skills that the examination is intended to measure. *See* NBME's Brief in Opp. to Pl.'s Mot. for Prelim. Inj. (Docket No. 09-5028), at 15-27. The Preliminary Injunction, however, requires NBME to provide an accommodation to Mr. Hartman – the use of a laptop computer and text-to-speech software – that fundamentally alters the assessment of the

skills that the Step 2 CS examination is intended to measure. Because this accommodation is not warranted under the ADA, and because the NBME offered to administer the Step 2 CS examination to Mr. Hartman in an accessible manner without the use of TTS technology, NBME is likely to succeed on the merits of its appeal.

### B.   NBME Will Be Irreparably Harmed If The Stay Is Denied.

The Preliminary Injunction requires NBME to test Mr. Hartman with his requested TTS accommodation on an expedited basis and to report his score from that administration on or before May 15, 2010. NBME will not be able to obtain a ruling on its appeal from the Preliminary Injunction before it is required to report that score. Once the score is reported, it will be impossible for this Court or the appellate court to redress all of the harm that NBME, certain third parties, and the public will have sustained if NBME subsequently prevails on the merits of its appeal. Having already reported the score from the challenged administration, NBME would suffer irreparable harm. *See Rothberg v. Law School Admission Council*, 102 Fed. Appx. 122, 126 (10th Cir. 2004) (noting, in an analogous case, that the testing organization would suffer "permanent and certain harm" if scores achieved on an accommodated test administration were released while an appeal from the preliminary injunction was pending).

### C.   Mr. Hartman Will Not Be Substantially Harmed By A Stay.

If the Preliminary Injunction is partially stayed pending NBME's appeal, the only harm that Mr. Hartman might experience is the possibility of a delay in beginning the residency component of his medical school education. Such delay, however, does not constitute irreparable harm. *See Rothberg*, 102 Fed. Appx. at 126 ("Other courts have concluded that the mere delay of educational opportunities does not constitute

irreparable harm.") (citation omitted). Any harm attributable to such delay does not outweigh the permanent injury to NBME if a stay is denied. *See id.*

Moreover, this delay might never occur. Under the Court's Preliminary Injunction, Mr. Hartman will also be taking the Step 2 CS exam on March 24 and 25, 2010, using accommodations the NBME previously offered to him, but without use of the TTS technology. Mr. Hartman will receive his score from that administration on April 21, 2010 and, if he passes, will incur no delay in starting his residency, much less any irreparable harm. *See Baer v. Nat'l Bd. of Med. Examiners,* 392 F. Supp. 2d 42, 48-49 (D. Mass. 2005) (finding no irreparable harm to plaintiff if preliminary injunction was denied, and noting that plaintiff "may well pass the test" without her requested accommodations).

### D. A Stay Would Benefit, Not Harm, The Public Interest.

The public interest strongly favors protecting the integrity of an examination that plays a critical role in the medical licensing process. Allowing Mr. Hartman the benefit of accommodations that affect the measurement of precisely the skills the exam is intended to assess ultimately threatens the integrity of the licensure process. There is a significant harm to the public interest in requiring NBME to report scores to Mr. Hartman's medical school, residency program(s), and state licensing agencies that NBME, in its professional judgment, believes are not valid. This problem is not ameliorated by presenting such institutions with two sets of scores (one achieved with and one without the TTS device), because the Preliminary Injunction still requires the NBME to report an accommodated score that the NBME considers invalid.

The receipt of this score harms the institutions because they will not know how to interpret two sets of scores for this candidate's Step 2 CS exam -- something they have never encountered before. If Mr. Hartman fails with one set of accommodations but not the other, what should the institutions do with that information? It is possible that Mr. Hartman's medical school may award him his medical degree in reliance on a score that is subsequently invalidated. Further, if Mr. Hartman is able to obtain a residency position in reliance on the score from the TTS administration that he would not otherwise have obtained, there is a harm to the other medical student who was denied that spot, and potentially serious harm to the patients on whom Mr. Hartman practices medicine. There is also a harm to the residency program to which Mr. Hartman recently matched. If Mr. Hartman's score on the Step 2 CS examination is later invalidated because the Preliminary Injunction improperly awarded him an accommodation that related specifically to skills that the examination tests, the residency program will be left with a vacant slot that could have been filled by another qualified applicant.

## CONCLUSION

For the foregoing reasons, NBME respectfully requests that the Court grant its motion for a limited stay pending appeal. The stay would apply only to (1) the statement on page 10 of the Court's Memorandum that "The NBME then must release the scores to both examinations on April 21, 2010;" and (2) the statement in paragraph 5 of the Court's Order that "NBME shall release the score results from this administration if necessary on or before May 15, 2010."

Respectfully submitted,

EASTBURN AND GRAY, P.C.

*[signature]*

Jane E. Leopold-Leventhal
Grace M. Deon
60 East Court Street
P.O. Box 1389
Doylestown, PA  18901
Telephone:  215-345-7000
Facsimile:  215-345-9142

*Attorneys for Defendant,*
*National Board of Medical Examiners*

Dated: March 24, 2010