UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN<br>                    Plaintiff<br><br><br>                    v.<br><br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS,<br>                    Defendant<br>_____ | Civil Action  09-5028 |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR PARTIAL STAY**

Plaintiff, Aaron Hartman, by his undersigned attorney, hereby responds to Defendant's

Motion for a Partial Stay and hereby requests an order denying the request to partially stay the

Court's Memorandum Opinion dated March 9, 2010 and Order dated March 22, 2010.

In support of this Response, Plaintiff respectfully relies on and incorporates by reference

the accompanying Memorandum of Law.


Respectfully submitted

By:_____/S/_____
            Charles Weiner, Esquire
            PA Attorney I.D. #52926
            Counsel for Aaron Hartman
            179 North Broad Street
            Doylestown, PA 18901
            215-348-4283
             (FAX) 215-340-2412
            e-mail: charles@charlesweinerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN<br>                     Plaintiff<br><br><br>                     v.<br><br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS,<br>                     Defendant<br>_____ | Civil Action  09-5028 |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR PARTIAL STAY**

Plaintiff, Aaron Hartman files this Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion For Partial Stay.

**I.     LEGAL STANDARD FOR STAY PENDING APPEAL**

Four factors have been established by the Supreme Court in determining whether to grant a stay of a District Court's order pending appeal which are as follows: (1) whether the stay applicant made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## II.   __INTRODUCTION__

Plaintiff moved for Preliminary Injunction seeking accommodations on the United States Medical Licensing Examination Step 2 Clinical Skills ("Step 2 CS").  The requested accommodations included use of a computer equipped with text-to-speech software to communicate during patient encounters; double the length of time for patient encounters; replacement of telephone patient encounter with in-person patient encounter; and administration and grading of the examination on an expedited basis.[1]  Considerable discovery took place including interrogatories, document production requests, third party document production and depositions.[2]  A five day hearing was held to take testimony and hear arguments.

After the close of the hearing, this Court issued its Memorandum Opinion dated March 9, 2010.  The opinion expressly granted Plaintiff's request for preliminary injunction requiring that he be allowed to use a text-to-speech devise, double time for each patient encounter and replacement of the telephone encounters with in-person encounters.  The opinion further provided that Hartman is to be given the Step 2 CS once with text-to-speech (and the other accommodations) and then if Defendant so elects, once without use of text-to-speech, both before March 27, 2010.  Thereafter, Defendant must release the scores for both examinations on April 21, 2010.

The Opinion further required that both parties are to cooperate in drafting a joint proposed order implementing the March 9, 2010 Memorandum, which was to be submitted to this Court by March 12, 2010.  The parties did confer to develop a joint order which included

---

[1]     The accommodation of double the length of time for patient encounters and replacement of telephone patient encounter with in-person patient encounter were offered by Defendant prior to the commencement of the civil action.  However, the use of text-to-speech and expedited test administration and scoring was rejected by Defendant prior to and through out the Preliminary Injunction hearing.

[2]     Plaintiff provided authorizations for Defendant to obtain records from his medical school and three speech therapists that have treated or evaluated Plaintiff during medical school.  Defendant also took the depositions of Plaintiff and Plaintiff's expert (Dr. Tetnowski), each of which took over five hours.

considerable negotiations and intervention from this Court to resolve disputes.[3]  The joint Order was ultimately submitted to this Court on or about March 22, 2010. Plaintiff made numerous concessions at the request Defendant.  For example, in spite of the clear language of this Court's Memorandum, Defendant requested that Plaintiff be administered the non-text-to-speech examination before the text-to-speech administration purportedly to allow Defendant to work through various technical issues. See letter from Defendant's attorney dated March 16, 2010, annexed hereto as Exhibit 1.  Plaintiff acquiesced to this request.  Furthermore, while this Court's Memorandum asserted that both test administrations must be administered by March 27, 2010 and scored by April 21, 2010, based on representation made by defendant, Plaintiff agreed to have one of the examination administered on March 31 and April 2, 2010 with the scoring of that examination to occur on or before May 15, 2010.[4]

Defendant now seeks a partial stay of the Order which was negotiated and jointly prepared.  Specifically, Defendant is requesting that it not be ordered to release the score results on or before May 15, 2010.  Issuance of a stay interrupts the legal process and postpones relief for the prevailing party.  Inasmuch as it is an extraordinary remedy, it should be used sparingly. The Preliminary Injunction was properly granted.  Defendant has satisfied none of the requirements for a stay and no stay should be issued.

---

[3]       The parties jointly requested extensions from the March 12, 2010 date to submit the joint order.

[4]       In Defendant's Counsel's letter to the Court date March 18, 2010, Defendant expressly requested that the score from the March 31 and April 2 examination administration be scored on May 15, 2010.  See letter dated March 18, 2010 attached as Exhibit 2.

III.   **ARGUMENT**

    A.  **BECAUSE THE DISTRICT COURT PROPERLY GRANTED THE
       PRELIMINARY INJUNCTION AND ITS FINDINGS OF FACT ARE
       NOT CLEARLY ERRONEOS, DEFENDANT IS UNLIKELY TO
       SUCCEED ON THE MERITS OF ITS APPEAL**

       Defendant presents no argument that it has a strong likelihood of success on the merits.

Rather, Defend sets forth a self serving statement that, "Because this accommodation (i.e. the

text-to-speech  "TTS" devise) is not warranted under the ADA , and because the [Defendant]

offered to administer the Step 2 CS examination to Mr. Hartman in an accessible manner without

the use of TTS technology, [Defendant] is likely to succeed on the merits of its appeal."

(Defendant's Memorandum of Law p. 3).

       This Court properly granted the Preliminary Injunction.  In doing so this Court wrote:

> The use of the text-to-speech device does not interfere with the
> ability of the NBME to score Hartman's performance on the
> examination. The use of the device is merely an aid to, and not a
> replacement of, his normal speaking voice, which the examiners
> can still grade for the Spoken English Proficiency section of the
> examination. Hartman demonstrated during his testimony that he
> can use the device in a manner that ameliorates his most severe
> blocks or speech disfluencies but does not replace his normal
> speech. During his testimony, much of his verbal communication
> was through his spoken voice rather than the text-to-speech device.
> Hartman spoke in his own voice clearly and articulately.
> Intermittent use of the text-to-speech device will not hinder the
> standardized patients' ability to grade how and with what skill
> Hartman can speak in the English language. (See Memorandum
> Opinion at p. 7).

       Accordingly, the Court findings were based in part on its observations of Mr. Hartman's

speech and use of text-to-speech during his testimony. To reverse this Court's decision, the

Appeals Court would be required to determine this finding was clearly erroneous. *Novartis*

*Consumer Health v. Johnson and Johnson*, 290 F.2d 578, 586 (3rd Cir. 2002); *Sandoz Pharm.*

*Corp. v. Richardson-Vick, Inc.* 902 F.2d. 222, 226 (3rd Cir. 1990).  Inasmuch as the Appeals

Court may not substitute its decision for that of District Court who heard the testimony first hand, it is highly unlikely that Defendant will succeed on in its appeals.

### B.  DEFENDANT WILL NOT SUFFER IRREPARABLE HARM IS A STAY IS NOT ISSUED

Defendant fails to assert that it will suffer harm if a stay is not issued; rather, Defendant asserts, "[once] the score is reported, it will be impossible for this Court or the appellate court to redress all of the harm that NBME, certain third parties, and the public will have sustained if NBME subsequently prevails on the merits of its appeal."  Defendant fails to describe or identify its purported harm.

There is no harm to Defendant.  Plaintiff still was required to take the examination and must demonstration the skills and knowledge in all areas accessed by the Step 2 CS. This was no testimony at the hearing that the Text-to-Speech gave Plaintiff and unfair advantage over other test takers.  Furthermore, this Court addressed Defendant's concerns by allowing it to require that Plaintiff take examination without text-to-speech.  Defendant, in fact, did require that Plaintiff take the Step 2 CS without text-to-speech, which was administered on March 24 and 25, 2010.

### C.  PLAINTIFF WILL BE HARMED IF THE STAY IS GRANTED

This Court previously found irreparable harm present insofar as, "[a]ny further delays will likely cost Hartman another year in applying to residency programs, and graduating from medical school.  Defendant's counsel in a letter dated March 18, requested that this Court order that the score for the examination administered on March 31 and April 2 be reported on May 15, 2010, noting that this preceded Plaintiff's May 18, 2010 graduation.  If the stay is granted, then Mr. Hartman may not be able to graduate medical school and he will be prohibited from starting his residency program.  Furthermore, Mr. Hartman was matched to a pathology program at Lenox Hill Hospital.  He anticipates entering into a contractual relationship with Lenox Hill for

employment as a resident.  (see copy of Lenox Hill Hospital House Staff Appointment

Agreement attached as Exhibit 3).  If the stay is granted, it may interfere with his contract with

Lenox Hill.[5]  Furthermore, a stay may result in a loss of the residency program/employment with

Lenox Hill.  Also, the stay may also result in a loss of a resident for Lenox Hill Hospital if Mr.

Hartman is prevented from commencing his residency as a result of a stay.

### D.  GRANTING THE STAY DOES NOT SERVE THE PUBLIC INTEREST

"[T]he Court has an obvious public interest in providing those with disabilities equal

footing."  *Agranoff v. Law School Admission Council, Inc*., 97 F.Supp.2d 86, 88 (D. Mass. 1999).

This Court correctly determined that Plaintiff is likely to prevail on the merits and that he is

entitled to a preliminary injunction.  This Court noted:

> [T]he public interest--also favors Hartman. The public has an
> interest in the elimination of discriminatory hurdles for those with
> disabilities. In addition, the longer Hartman continues to be barred
> from entering the profession, the longer society is prevented from
> enjoying the work of a very promising medical student.

Furthermore, this Court addressed Defendant's concerns by allowing Defendant to

require that Plaintiff take the examination a second time.  Defendant offers no evidence to show

the preliminary injunction will "threaten the integrity" of the licensure process.  Defendant also

fails to substantiate it assertion that institutions will not know how to interpret two sets of scores.

---

[5]    Paragraph 1 of the contract provides in pertinent part, "This Agreement is not valid until all medical education
and other qualifications and credentials …have been verified."

IV.     <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion for a

Partial Stay.

Respectfully submitted

By:_____/S/_____
          Charles Weiner, Esquire
          PA Attorney I.D. #52926
          Counsel for Aaron Hartman
          179 North Broad Street
          Doylestown, PA 18901
          215-348-4283
          (FAX) 215-340-2412
          e-mail: charles@charlesweinerlaw.com