UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. HARTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | Case No. 09-5028 |

## JOINT MOTION TO VACATE PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 62(c), Plaintiff Aaron L. Hartman and defendant National Board of Medical Examiners ("NBME") hereby jointly move for an order vacating the Court's Memorandum decision dated March 9, 2010 and entered by the Court on March 22, 2010 (Dkt. 31), and the corresponding Preliminary Injunction Order dated and entered by the Court on March 22, 2010 (Dkt. 30) (collectively, the "Preliminary Injunction"). In support of this motion, the parties respectfully state as follows:

    1.    The Preliminary Injunction provided for two separate administrations of USMLE Step 2 Clinical Skills Examination ("Step 2 CS Exam") to Dr. Hartman, with two different sets of accommodations which consisted of, respectively: (a) use of an electronic text-to-speech device, double the standard amount of testing time, and replacement of telephonic patient encounters with in-person encounters; and (b) double the standard amount of testing time and replacement of telephonic patient encounters

with in-person encounters. The accommodations set forth in (b) above were the accommodations offered by NBME prior to the lawsuit.

2. On March 24, 2010, NBME filed a Notice of Appeal from the Preliminary Injunction. (Dkt. 32). The appeal remains pending.

3. NBME has complied with the Preliminary Injunction. Dr. Hartman has taken the Step 2 CS Exam with the two different sets of accommodations. He achieved a passing score when he tested using the accommodations offered by NBME. His scores from the subsequent administration, when he tested using text-to-speech software, have not yet been reported.

4. In light of Dr. Hartman having achieved a passing score on the Step 2 CS Exam, which the NBME has released, Dr. Hartman's request for injunctive relief is moot.

5. The parties therefore wish the Court to vacate the Preliminary Injunction. In addition to vacatur being procedurally appropriate, the parties have reached a settlement of this entire matter through the Appellate Mediation Program which is dependent upon and subject to this Court's vacating the Preliminary Injunction.

WHEREFORE, the parties respectfully request that the Court vacate the Memorandum decision dated March 9, 2010, and entered on March 22, 2010, and the Preliminary Injunction Order dated and entered on March 22, 2010. A proposed Order is included with this filing.

Respectfully submitted,

_____
Charles Weiner
179 North Broad Street
Doylestown, PA 18901
Telephone: 215-340-3412

*Attorney for Aaron Hartman*

_____
Jane E. Leopold-Leventhal
Grace M. Deon
EASTBURN AND GRAY, P.C.
60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
Telephone: 215-345-7000

*Attorneys for National Board of Medical Examiners*

Dated: August _____, 2010