IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON L. HARTMAN,
          Plaintiff,

v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,
          Defendant.

Civil Action No. 09-5028

**ORDER**

October 14, 2010                                                                                                               Pollak, J

      The parties to this Americans with Disabilities Act case have jointly moved to vacate this court's memorandum decision dated March 9, 2010 (Docket No. 31) and corresponding preliminary injunction order dated March 22, 2010 (Docket No. 30) on the ground that plaintiff's request for injunctive relief is moot. Docket No. 53. The parties have also reached a settlement of this matter which is dependent upon this court's vacating the injunction. *Id.*

      The preliminary injunction required defendant to permit plaintiff to take the USMLE Step 2 Clinical Skills Examination ("Examination") with certain accommodations, including the use of a text-to-speech device. The injunction also permitted defendant to require plaintiff to take the Examination without the accommodation of a text-to-speech device and to require that the scores of both

examinations be produced together with an explanation. After this court entered the injunction, defendant filed a notice of appeal. Docket No. 32. However, because plaintiff has passed the Examination following the issuance of the injunction, in an administration that did not use text-to-speech software, this controversy is now moot.

Although "previously issued decisions need not be vacated when a case becomes moot due to settlement," *Humphreys v. DEA*, 105 F.3d 112, 114 (1996) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994)), vacatur is appropriate where, as here, "the case became moot through the 'vagaries of circumstance[]'" not attributable to either party. *Rendell v. Rumsfeld*, 484 F.3d 236, 243 (3d Cir. 2007) (quoting *Bancorp*, 513 U.S. at 25). The rule favoring vacatur in these circumstances is "an equitable one that is 'commonly used to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences.'" *Id.* (quoting *Donovan ex rel. Donovan v. Punxsutawney Area School Bd.*, 336 F.3d 211, 217 (3d Cir. 2003)).

Accordingly, the parties' joint motion to vacate is GRANTED, and this court's memorandum decision (Docket No. 31) and preliminary injunction order (Docket No. 30) are hereby VACATED.

BY THE COURT:

/s/ Louis H. Pollak\_\_\_\_

Pollak, J.
